## NOCKLES v. EGGSPIELER.

1. **Attachment**: RECOVERY ON BOND: ATTORNEY'S FEES. Where in an action to recover damages on an attachment bond the jury found a general verdict in favor of the plaintiff, it was held that such verdict authorized the allowance of a further sum as attorney's fees by the court, the finding of the same facts being necessary, under section 2961 of the Code, to sustain the verdict and to authorize such allowance.

*Appeal from Winneshiek Circuit Court.*

SATURDAY, JUNE 12.

ACTION upon an attachment bond. There was a verdict for the sum of one dollar and judgment thereon for that amount and one hundred dollars' attorney's fee. From the judgment for attorney's fee defendant appeals. The facts of the case are stated in the opinion.

*L. Bullis*, for appellant.

No appearance for appellee.

BECK, J.—I. The plaintiff alleges as a breach of the bond that the attachment was wrongfully sued out, and claims, in addition to actual and exemplary damages, $100 as attorney's fee. There was a general verdict for plaintiff in the sum of one dollar, and a special finding that the attachment was wrongfully sued out.

The cause had been before tried and the judgment of the court below had been reversed in this court. See 47 Iowa, 400. Subsequently the original papers were lost, and substitution made therefor. After the verdict defendant moved the court to strike out of the petition the claim for attorney's fee on the ground that no such claim appeared in the original petition. This motion was supported by affidavits. It was overruled.

The defendant objected to the judgment for attorney's fee

on the grounds: 1. The judgment cannot be for an amount greater than the verdict; 2. There was no finding that the attachment was wrongfully sued out and that there was no reasonable cause to believe the ground upon which it was issued was true. These objections were overruled.

The foregoing statement of the facts of the case is sufficient to impart a correct understanding of the points raised by counsel, and our ruling thereon.

II. It is insisted by counsel that the court was authorized to render judgment for attorney's fees upon the special finding of the jury. Code, § 2961, authorizes judgments for attorney's fees in such cases. It is in the following language:

"In an action on such bond, the plaintiff therein may recover if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees, to be fixed by the court."

1. ATTACH-MENT : recovery on bond: attorney's fees.

The point made by counsel is this: The provision quoted authorizes judgment for attorney's fees when it appears that the attachment was wrongfully sued out and that there was no reasonable cause to believe the ground upon which it was issued to be true. The special finding of the jury is that the writ was wrongfully issued.

We may admit for the purpose of this case, without so ruling, however, that it must be found not only that the writ was wrongfully issued but also that there was no reasonable cause to believe the ground upon which it was issued.

It will be observed that both of these conditions must be found in order to authorize the plaintiff to recover at all. Such is the express language of the statute just quoted. Plaintiff, by the general verdict, did recover. We must presume that the jury found all the facts necessary to authorize recovery; that they found the writ was wrongfully issued. The general verdict, therefore, supports the decision of the court as to the attorney's fee.

The special finding is not inconsistent with the general verdict. It finds that the writ was wrongfully issued; it does not find that there was no reasonable cause to believe the ground upon which it was issued.

It will be observed that under the section of the Code above quoted, and preceding sections, a right of action is given upon the attachment bond. Unless the case contemplated by these provisions is made by the proof, the plaintiff cannot recover. He must show that the attachment was wrongfully sued out and that there was no reasonable cause to believe the ground upon which it was issued, as provided in section 2961. It will not, therefore, do to say that the plaintiff could have recovered, independent of the section, for actual damages. This section provides for the recovery of actual damages. Plaintiff must recover, if at all, under this section.

III. It is not made to appear that the court erred in refusing to strike the claim for attorney's fee from the petition. The court may have found that the claim was in the original petition. And it is not shown that any objection was made to the petition on this ground until after verdict. It was then too late to urge it.

IV. It is insisted that the sum of $100 for attorney's fee is an excessive amount. We have not the facts before us and cannot, therefore, review the decision of the court below upon this point. We must exercise every presumption authorized by the law to support the judgment; error cannot be presumed, it must be shown. It is not made to appear that the sum allowed by the court for attorney's fee is excessive, and, therefore, erroneous.

The judgment of the Circuit Court is

AFFIRMED.