## MORRIS v. THE UNION PACIFIC R. CO.

1. **Jurisdiction**: ACTION AGAINST NON-RESIDENT DEFENDANT: ATTACH MENT. Where in an action against a non-resident defendant, which was commenced by attachment served by garnishing a supposed debtor of the defendant, and the defendant was served by publication only, the answer of the garnishee showed that it was not indebted to the defendant at the time of the service of the attachment, it was held that the court acquired no jurisdiction to proceed in the action, though such answer disclosed an indebtedness to the defendant at the time it was made

*Appeal from Pottawattamie Circuit Court.*

SATURDAY, APRIL 23.

THE Union Pacific Railroad Co. was garnished as the debtor of the defendant in this action, S. B. Jones, and upon its answer judgment was rendered for plaintiffs. The garnishee appeals. Other facts of the case appear in the opinion.

*A. J. Poppleton, J. M. Thurston, Wright & Baldwin* and *C. J. Green,* for appellant.

*Charles Ogden* and *R. E. Montgomery,* for appellee.

BECK, J. I. The cause was submitted to this court upon an agreed statement of facts, the material portions of which are in substance as follows: The garnishee, the Union Pacific Railroad Company, is a corporation organized under an act of congress and operates a railroad terminating at Council Bluffs, in this State, where it has agents. On the 4th day of June, 1879, plaintiff commenced this action by attachment upon the record of a judgment rendered in Nebraska, alleging in his petition that the defendant was a non-resident of the State, and praying for an attachment against his property. On the 5th day of June the Union Pacific Railroad was served with garnishment process, and, on the 18th day of April, following, filed its answer stating that at the date of the service of garnishment process it owed defendant nothing, but on the day of answering it owed him $155, and defendant was, when process was served, and continues to be, in the service of the railroad company. It further states in its answer that it has no property or credits of defendant, within the State of Iowa; that the sum of $155, shown to be due defendant from the railroad company, was earned by him as a clerk in the garnishee's employment in Nebraska, at the wages of $125 per month, and that sum owed to him by plaintiff is due him there, and is not payable in this State, and that the sum due defendant is in the State of Nebraska and not in Iowa. It is further shown that as defendant, Jones, is a married man, the credits in the garnishee's hands are exempt from attachment or execution under the laws of Nebraska, and that no service of process has been had upon defendant. The garnishee in its answer denies jurisdiction of the Circuit Court over the credits in its hands in favor of defendant.

Service of notice was made upon defendant by publication

*1. JURISDIC-TION : action against non-resident defendant: attachment.*

and he did not appear to the action. Judgment was rendered against him by default.

The cause was continued as to the garnishee and another writ of attachment was issued and garnishment process was again served upon the railroad company. On the first day of February, 1880, it answered to the second garnishment process, alleging that it is not indebted to the defendant, and was not when the last process was served upon it; that the defendant was in the employment of the garnishee at that time and continues therein, and that his earnings to the date of the service of the last garnishment process, from August 7th, 1879, was $700, which the garnishee paid at the date last mentioned. Judgment was rendered against the garnishee for $271, the amount of plaintiff's judgment, and interest and costs.

II. It cannot be disputed that, in order to give the court below jurisdiction, there must have been property seized upon the attachment issued in the case, for the reason that the service of notice in the case was by publication. The garnishment of a debt due the defendent, it may be admitted, would be a seizure of property on the attachment. If, therefore, it appears in this case that a debt due defendant was seized by the garnishment process, the court acquired jurisdiction, but as there was no seizure of property on the attachment, if it appears that there was no seizure of a debt due defendant the court did not acquire jurisdiction.

It will be observed that the garnishee, in its first answer, shows that when the first attachment and garnishment process was served, it owed defendant nothing. This answer, being uncontradicted, must be taken as true. There was, then, no debt owing by the garnishee to defendant; the attachment by means of the garnishee process reached and seized nothing. The court, therefore, acquired no jurisdiction by the first attachment. It cannot be claimed that the writ first served would operate to seize and subject debts to become due after the service of the attachment, which seized nothing, neither debts

nor other property of the defendant. To give the court juris-diction something must be seized when the attachment by means of the garnishment process is served. If nothing is so seized the court does not obtain jurisdiction, either of defendant, the garnishee, or of property of defendant not seized. It will not, therefore, do to say that a debt to defend-ant accruing after the service of the attachment, which did not exist when the attachment was served, is made subject to the garnishment process, and that the garnishee is to be held liable for debts accruing after service of the attachment. Had a debt existed at the time of service, so that jurisdiction attached to defendant and the garnishee, the latter, under the statute which binds him not to pay over property or money of defendant which may come into his hands, would have been liable for debts subsequently contracted. But as no such debt existed, no jurisdiction was acquired over debts subse-quently accruing. These views sufficiently dispose of plaint-iff's claim based upon the first attachment; we hold that the court acquired no jurisdiction thereunder.

III. The case is equally plain as to the second attachment. It is shown by the answer of the garnishee, which is not con-tradicted, that when the second writ and garnishment process were served upon the garnishee he owed defendant nothing; that he had been fully paid for all services he had rendered up to the date of the services of the garnishment process. As in the case of the first writ, the garnishment process last issued seized no debt, for none existed. The court, therefore, acquired no jurisdiction of the defendant and of the garnishee to hold the latter subject to plaintiff's claim against defendant.

It is our opinion that under the facts of the case the Cir-cuit Court erred in rendering the judgment against the gar-nishee; it is, therefore,

REVERSED.