## LYMAN v. LAUDERBAUGH.

| 75 | 481 |
| 96 | 365 |
| 100 | 552 |
| 75 | 481 |
| 112 | 247 |
| 75 | 481 |
| 114 | 23 |
| 75 | 481 |
| 134 | 619 |
| 75 | 481 |
| 144 | 163 |

1. **Payment**: VOLUNTARY : TO RELEASE ATTACHMENT : RECOVERY : INSTRUCTION. Defendant sued plaintiff in attachment, and plaintiff, knowing all the facts in the case, voluntarily paid defendant's demand for the purpose of releasing the attachment, but under a promise (as he alleges in this action for the recovery of the money) that defendant would repay the money if plaintiff would show him that he was not indebted to him when the attachment was begun. *Held* that such promise of repayment was not without consideration, and that upon proof of it, and of the further fact that plaintiff did not owe defendant at the time, plaintiff was entitled to recover ; and that the rule that a voluntary payment, with knowledge of the facts, cannot be recovered, unless made under compulsion which is illegal, unjust and oppressive, did not apply.

2. —— : —— : —— : PROMISE TO REPAY : CONSTRUCTION. In such case the agreement to repay the money did not require, as a condition precedent to the commencement of the suit to recover it, that plaintiff should satisfy defendant that he did not owe it to defendant when paid ; but it was sufficient if he did not in fact owe it, and if that fact was shown by the evidence in the case.

3. —— : —— : RECOVERY : INSTRUCTION. In an action to recover money paid to secure the release of an attachment, and under a conditional promise to repay, the petition alleged that the demand on which payment was made was illegal and unjust, but neither fraud nor extortion was alleged in the petition, nor shown by the evidence. *Held* that instructions from which the jury might have found that the payment was made under fraud, compulsion or extortion were not warranted by the pleadings or the evidence.

4. **Evidence** : ERRORS CURED BY VERDICT. Alleged errors in admitting and excluding evidence on a count of the petition on which only nominal damages are found against defendant are no ground for reversal on his appeal.

5. **Attachment**: WRONGFUL : ACTION ON BOND : ATTORNEY'S FEES. Under section 2961 of the Code, where there is a recovery on an attachment bond for the wrongful suing out of the attachment, an attorney's fee may be allowed the plaintiff, even though he recover but nominal damages.

*Appeal from Benton District Court.*—HON. L. G. KINNE, Judge.

FILED, OCTOBER 12, 1888.

On the eighth day of December, 1886, H. K. Lauderbaugh, the defendant in this case, commenced an action against B. G. Lyman, the plaintiff herein, aided by attachment, to recover the sum of six hundred dollars. The petition alleged that the money was due for money and property wrongfully taken by Lyman, and converted to his own use, and that he was about to dispose of his property with intent to defraud his creditors. The writ of attachment was served by garnishing a bank in which Lyman had a deposit of thirteen hundred dollars or more. On the day the action was commenced Lyman paid to the plaintiff therein the sum of five hundred and twenty-six dollars, and the case was dismissed. A few days before this action was commenced Lyman demanded of the defendant herein repayment of said sum, which was refused. On the thirteenth day of January, 1887, the plaintiff filed his petition in this case, and subsequently filed an amendment thereto. The first count of the amended petition alleges the commencement of the aforesaid action against plaintiff, and the attachment proceedings thereunder; that all the money in the garnished bank was held under the garnishment, and placed beyond the reach of plaintiff; that plaintiff and his wife were at that time engaged in business in Vinton, and, by reason of said attachment, were unable to meet their engagements when they became due; that in order to release the attached property the plaintiff, under protest, and denying any indebtedness on his part, and under the express verbal promise of defendant to repay the same if the plaintiff could show that he was not indebted to him, paid to defendant the sum of five hundred and twenty-six dollars; that plaintiff paid said sum to emancipate his property from the said control imposed by defendant, and that he had no other means of immediate relief, except to advance said money as aforesaid. The said count further alleges that plaintiff did not owe defendant anything; that he had not converted the sum of six hundred dollars, or any other

sum or amount, belonging to defendant, to his own use ; that said demand was illegal and unjust ; that defendant is justly indebted to plaintiff in the sum of five hundred and twenty-six dollars, with interest thereon from December 8, 1886. The second count alleges the commencement of the attachment suit ; the filing of a bond in the sum of fifteen hundred dollars ; the issuance and service of the writ, and that the same was wrongfully, wilfully and maliciously sued out, and without probable cause. Judgment was asked on the bond. The answer admits the attachment suit, the issuance and service of the writ of attachment, the payment of the money, and the demand for its repayment. It alleges that the parties hereto fully settled all matters involved in or arising out of the said suit on the day it was begun, and that such matters were satisfied and paid, and the action dismissed at the cost of plaintiff. There was a trial to a jury, and a verdict for plaintiff for $840.46. Defendant filed a motion for a new trial, and, while this was pending, plaintiff filed a paper remitting two hundred and ninety-nine dollars of the verdict, as all of the damages awarded on the second count of the petition, excepting one dollar. The motion for a new trial was overruled, and judgment rendered in favor of plaintiff for $541.46, and an attorney's fee of seventy-five dollars. Defendant appeals.

*W. P. Whipple*, for appellant.

*J. D. Nichols*, for appellee.

ROBINSON, J.—I. The appellant complains of the refusal of the court to give to the jury two instructions 1. PAYMENT: asked by him, as follows : "1. That as to voluntary : the cause of action set out in the first count to release attachment: of the petition you should find for the recovery : instruction. defendant, because there is no evidence upon which a verdict can be found on said count in plaintiff's favor. 2. As to the claim made by plaintiff in the first count of his petition, you are instructed that if you find from the evidence that plaintiff paid to the defendant the five hundred and twenty-six dollars,

when the facts under which the same were claimed from him were known to him, then such payment was voluntary, and the plaintiff cannot recover the same back, unless you find that plaintiff paid said sum under compulsion which was illegal and unjust. The suing out of the attachment, and the garnishment thereunder, * * * by defendant's direction, is not such compulsion." The appellant claims that these instructions were in accordance with the following proposition of law: "To justify recovering back money paid, when all the facts were known to the party paying, such payment must not have been simply an unwilling payment, but a compulsory one, and the compulsion must have been illegal, unjust and oppressive." This is substantially the law as announced in *Dickerman v. Lord*, 21 Iowa, 342, and seems to be sustained by the authorities. *Murphy v. Creighton*, 45 Iowa, 183; *Benson v. Monroe*, 7 Cush. 131; 2 Greenl. Ev. sec. 123; *Custin v. City of Viroqua,* 67 Wis. 318; *Mays v. Cincinnati*, 1 Ohio St. 269.

But we do not think the instructions asked should have been given. They ignored the fact that the petition alleged, and some of the evidence tended to prove, that defendant agreed, as a part of the consideration for the payment of the money to him, to repay it if plaintiff could show that he was not indebted to defendant. In fact, the latter admits substantially that this was the case. It must be conceded that, so far as appellee was concerned, he knew all the facts as to his liability when he paid the money. He was charged with having wrongfully taken goods from the store and money from the till of defendant. He knew whether he had so taken them or not. Appellee urges that he did not know the facts upon which appellant's demand was based when the payment was made; but that only amounts to a claim that he did not know the evidence by which appellant could sustain his demand. Having paid the money with full knowledge of the facts in regard to his alleged liability, we think the appellee cannot recover on the first count of his petition without showing that he did not owe to defendant the money paid him. The release

of the money garnished, the dismissal of the action and the payment to appellant of the money claimed, were a sufficient consideration for the agreement to repay the money if it was shown not to be due.   Hence the claim made on the part of the appellant, that the evidence shows that the appellee could have met all liabilities on the part of himself and wife by means of property not held by attachment, is immaterial.

II.   It is insisted by appellant that the agreement to repay the money paid by appellee required, as a condition precedent to the commencement of suit therefor, that he show that he did not owe it when paid; that until such fact was shown nothing was due from appellant.   We do not think this is a fair construction of the agreement.   This did not, in terms, provide that nothing should be due from appellant, and that suit should not be commenced against him, until after it should be shown that he was not entitled to the money.   The language of the agreement, as set out in the petition, is as follows:   "That in order to release said property this plaintiff, under protest, and denying any indebtedness on his part to the defendant, and upon the express verbal promise of the defendant H. T. Lauderbaugh, if plaintiff could show that he was not indebted to him, to repay said money to plaintiff, plaintiff paid over to defendant the sum of five hundred and twenty-six dollars."   The defendant testified that it was his idea, all the time the negotiations for a settlement of the attachment case were being had, that if he was not entitled to the money he would pay it back at any time.   It will not be presumed that the parties to the agreement intended that appellant could keep money which did not belong to him, without liability, until appellee could satisfy appellant that the latter was not entitled to the money.   The facts of the case are against such a presumption.   Appellee had been employed by appellant as a clerk, and if money and property had been taken, as claimed by appellant, most of it must have been taken during that time. Appellee could only prove his innocence by his own

2. —: —: promise to repay: construction.

statement, which he had made before the agreement was entered into, or by showing that the money and property had been taken by others who had access to it, or by showing that appellant had lost neither money nor other property. Proof of the second proposition could not, in the nature of the case, be well made, and the evidence as to the third was, or should have been, under the special control of appellant. The language of the agreement may properly be construed, in view of all the circumstances, to mean that, if appellee did not in fact owe the money paid, then the fact of payment would give to appellant no right to the money. Any other construction would make the agreement to repay practically inoperative, and that fact must have been known to and considered by the parties when they entered into it. If the money was not due from appellee, then it was wrongfully exacted. The stipulation for repayment was not designed for the protection of appellant, but for the benefit of appellee, and did not alter the character of appellant's acts.

III. The paragraph of the charge to the jury, numbered 2 1-2, is as follows: "If you should find that plaintiff paid the five hundred and twenty-six dollars to Lauderbaugh voluntarily, that is, if he paid the said sum while at the time having other means of immediate relief, and without fraud or compulsion, or extortion,—then such payment was voluntarily made, and cannot be recovered back in this action, even though Lauderbaugh promised to repay said sum in case plaintiff herein should satisfy Lauderbaugh that he had not taken or converted said money; and, in determining whether plaintiff did have other means of immediate relief, you should take into consideration the fact, if it be a fact, that plaintiff had, at the time he made said payments, other property than that held by the garnishment, by means of which he could have carried on his business and met his engagements." Appellant complains of this portion of the charge on the ground that it submitted to the jury matters not in issue. We think the complaint is well

3. ——: ——:
recovery:
instruction.

founded. Neither fraud nor extortion is alleged in the petition. The first count is based upon the agreement to repay the money in controversy. It charges that the demand of appellant, on account of which it was paid, was "illegal and unjust;" but the same might be said of any claim made in good faith, but under a mistake of fact, for money not due. The evidence of plaintiff shows that at the time of the attachment he had ample means of raising money to meet existing obligations. Hence it may fairly be inferred that the jury found that appellant obtained the payment of the money by fraud, compulsion or extortion. The paragraph in question was not only erroneous in the particulars specified by appellant, but it is in conflict with the views we have expressed as to the effect of the agreement.

IV. Complaint is made of the next paragraph of the charge. That also submitted to the jury the questions of fraud and extortion, and to that THE SAME. extent, at least, was erroneous, for reasons already stated. The petition does not charge, nor does the evidence tend to show, that Lauderbaugh knew that the claim on which his action was brought was not well founded. On the contrary, the evidence tends strongly to show that he acted in good faith throughout the entire transaction. He did not deceive appellee, for the evident reason that the latter had greater knowledge of the facts upon which the claim was founded than any one else could have. The allegations of the second count, that the writ of attachment was wrongfully, wilfully and maliciously sued out, are made to depend upon the further allegation, that when it was sued out the defendant therein was not about to dispose of his property with intent to defraud his creditors, and the plaintiff therein had no reasonable cause to believe that he was.

V. Counsel discuss various rulings of the court in admitting and excluding evidence offered on the issues raised on the second count of the petition.
4. EVIDENCE: errors cured by verdict. The verdict of the jury necessarily shows that the writ was wrongfully issued, but a

special finding shows that it was not sued out maliciously. The judgment rendered included but nominal damages for the cause of action alleged in the second count. Hence it is evident that the rulings, if erroneous, were not prejudicial; and they are not likely to be repeated on another trial; hence need not be further considered.

VI. It is insisted by appellant that the court erred in rendering judgment against him for an attorney's fee of seventy-five dollars. It was held in **5. Attachment: wrongful: action on bond: attorney's fees.** *Vorse v. Phillips,* 37 Iowa, 431, that such fee could not be recovered in an action on an attachment bond. But that case was decided under the provisions of the Revision of 1860. Section 2961 of the Code expressly authorizes such a recovery. *Weller v. Hawes,* 49 Iowa, 45. Because of the errors pointed out, the judgment of the district court is REVERSED.