96    363
144    152
144    162

DICKINSON & BARTLETT, Appellants, v. E. P. ATHEY.

**Wrongful Attachment:** ATTORNEY'S FEE. In order to recover an attorney's fee as costs *in an action upon an attachment bond*, it must appear that the attachment was wrongfully sued out, *and* that there was no reasonable cause to believe the grounds, stated for the writ, to be true. Code, 2961.

**Practice Supreme Court.** Where the appeal is taken because of the taxation of an attorney's fee, it is sufficient to bring up the evidence dealing with the taxation only.

*Appeal from Keokuk District Court.*—HON. HENRY BANK, JR., Judge.

THURSDAY, DECEMBER 12, 1895.

Action at law, aided by attachment, upon an open account for goods sold and delivered. The defendant, in answer, denied the plaintiff's account, and further pleaded that both plaintiffs and defendant were residents of the state of Illinois, and that the plaintiffs by false and fraudulent representations, and other deceitful practices, induced defendant to come into this state for the purpose of securing service of notice on him here, in order to avoid the exemption laws of the state of Illinois; and he avers that the court has no jurisdiction over him. He also pleaded a counterclaim upon the attachment bond given by the plaintiffs, based upon the alleged wrongful suing out of the writ of attachment. The case was tried to a jury, which found there was due the plaintiffs the sum of five hundred and sixty-six dollars and thirty-two cents ou their claim, and that defendant should be allowed the sum of six hundred and sixty-eight dollars and fifty cents on his counterclaim. The verdict, in so far as it allowed the defendant damages, was afterward set aside by the court, and a judgment was rendered in

favor of the plaintiffs for the amount of the verdict found in their favor. Thereafter the cause was retried on the defendant's counterclaim, and on the second trial the jury found a verdict for him and fixed the amount of his damages at the sum of forty-one dollars and ninety-three cents. It also specially found that the attachment was wrongfully and maliciously sued out. Thereupon the defendant moved the court to allow and fix the fees to be awarded his attorneys for their services in the case. On this motion certain testimony was taken, and, after hearing all the evidence, the court allowed the defendant the sum of one hundred and seventy-five dollars as compensation for his attorneys, which amount was taxed as a part of the costs in the judgment rendered on the counterclaim. The plaintiffs excepted to the order allowing attorney's fees and appeal.—*Reversed.*

*James H. Anderson* and *James C. Davis* for appellants.

*Truman Plantz* and *Gibson Browne* for appellee.

Deemer, J.—The sole question presented by this appeal is whether the court was in error in assessing as against the plaintiffs the attorney's fees allowed by him. It would seem that the controversy is settled by our statute (Code, section 2961), which reads as follows: "In an action on such bond the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorneys' fees to be fixed by the court. * * *" The counterclaim was upon the bond, but it did not controvert the statement made as a ground for the attachment, "that the defendant was a nonresident of the state." That the

defendant was a nonresident was expressly conceded. The cause of action was bottomed solely on the thought that the attachment was wrongful because of the conduct of plaintiffs in fraudulently inducing the defendant to enter this state in order that service of notice might be had upon him here. The statute we have quoted authorizes the court to fix attorney's fees when the attachment was wrongfully sued out, and the plaintiff had no reasonable cause to believe the ground upon which the same was issued to be true. Unless both of these matters are shown, there seems to be no authority in the court to fix attorney's fees. It is claimed, however, by counsel for appellee, that we have approved the allowance of attorneys' fees in all cases where it was found that the attachment was wrongfully sued out without reference to the question as to whether the grounds stated to procure the same were true or not; and the case of *Whitney v. Browne-well*, 71 Iowa, 251 (32 N. W. Rep. 285), is relied upon. An examination of that case will show that the question here presented was in no manner involved. The only question there considered was whether the defendants were entitled to an allowance of attorneys' fees for defending the whole case. *Lyman v. Lauder-baugh*, 75 Iowa, 481 (39 N. W. Rep. 812), is also relied upon. It certainly does not touch the point here presented. We are also cited to *Porter v. Wilson*, 4 G. Greene, 314. This case is not an authority, for it was decided long before section 2961 was enacted. The same may be said of *Lord v. Gaddis*, 6 Iowa, 57, and *Young v. Broadbent*, 23 Iowa, 539, cited by appellee's counsel. *Myers v. Wright*, 44 Iowa, 38, and *Mason v. Rice*, 66 Iowa, 176 (23 N. W. Rep. 384), decide no such question as is here presented. The case of *Nockles v. Eggspieler*, 53 Iowa, 730 (6 N. W. Rep. 67), is really an authority for the appellant, for the court there says, Mr. Justice Beck writing the opinion: "It will be

observed that both of these conditions [*i. e.* that the writ was wrongfully issued and that there was no reasonable ground to believe the ground upon which it was issued] must be found in order to authorize the plaintiff to recover at all. Such is the express language of the statute just quoted.        *        *        *
Unless the case contemplated by these provisions (Code, section 2961) is made by the proof, the plaintiff cannot recover. He must show that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which it was issued." As we have already stated, the record clearly shows in the case at bar that the ground stated as cause for the attachment was true. The defendant explicitly stated in his counterclaim that he was a nonresident. It may be that there should have been no recovery for any damages on the bond upon the counterclaim, but this question is not made by the record and we do not consider it. The case of *Selz v. Belden*, 48 Iowa, 451, is relied upon as conclusive of the question here presented. We do not so regard it. A reading of the case clearly shows that it decides nothing in conflict with the views we have heretofore expressed. These are all the cases cited by appellee's counsel, and we find none of them in point. We have also made an independent examination of the cases, and find nothing which militates against our holding. On the contrary, *Kockles v. Eggspieler, supra; Porter v. Knight,* 63 Iowa, 365 (19 N. W. Rep. 282), and *Vorse v. Phillips,* 37 Iowa, 428,—give us support. Whether defendant might have recovered attorneys' fees as a part of his damages had this action been for malicious prosecution under the common law, we do not determine, for no such question is presented. Here the attorneys'

fees were taxed as part of the costs, under section 2961 of the Code. Appellee's motion to strike out the abstract and dismiss the case on the ground that all the evidence on which the case was tried is not before us is overruled. It is conceded we have all the evidence offered with reference to taxing attorney's fees, and all the record on which the same was based. This is sufficient. Our conclusion is that the court erred in taxing these fees as costs, and the judgment is *reversed*.