W. F. INSELL, Appellant, v. LAWRENCE KENNEDY, Appellee.

Continuance: RULING ON MOTION. The action of the trial court
1   in overruling a motion for a continuance based on want of
notice that the cause had been assigned for trial, where there
is a dispute regarding such notice, will not be disturbed.

Appeal: NOTICE: CONTINUANCE. Under Code, section 4560, where
2   an appeal from a judgment of a justice is not taken on the
day it is rendered, the cause will stand for a continuance at
the next term of the district court by operation of law, in the
absence of notice or waiver of the same.

Garnishment: COUNTERCLAIM: EVIDENCE. It is improper to per-
3   mit defendant on a counterclaim for wrongful garnishment
to testify that it is the practice of his employer to discharge
employes who suffer a garnishment of their wages, there being
no allegation of discharge and no showing that plaintiff knew
of this practice.

Wrongful Garnishment: INSTRUCTION. An instruction that if the
4   jury find that at the time of the commencement of the action
defendant was owing plaintiff less than $5, then the suing out
of the writ of attachment was wrongful, is erroneous, as it is
the amount claimed and not the amount recovered that
governs the issuance of the writ, under Code, section 4579.

*Appeal from Wright District Court.*—HON. J. R. WHIT-
AKER, Judge.

SATURDAY, APRIL 11, 1903.

THE opinion states the case.—*Reversed.*

*Porter Donly* and *Filkins & Schaffter* for appellant.

*McGrath & Bryan* for appellee.

WEAVER, J.—Plaintiff began action before a justice of
the peace February 15, 1901, to recover from defendant the
sum of $8.36 for board, and sued out a writ of attachment
on the allegation that defendant was a nonresident of the

state.    Under this writ the Chicago & Northwestern Rail-
way Company was garnished, and answered that it was
indebted to defendant in the sum of $56.65.    On March
22, 1901, defendant appeared, denying the plaintiffs claim,
and setting up a counterclaim on the. attachment bond;
alleging that the writ was sued out wrongfully and mali-
ciously, and claiming damages for time lost in attending
trial, $12, attorney's fees, $15, and exemplary damages in
the further sum of $68.    He also. pleaded a further coun-
terclaim of $5 for money loaned to plaintiff in the year
1892.    There was trial to a jury, and on March 27, 1901,
a verdict and judgment were found for plaintiff for $6.36.
Defendant on the following day appealed to the district
court, at the next term of which there was trial to a jury,
resulting in a verdict for the defendant for $1.44.    From
judgment on this verdict, plaintiff appeals.

I.    The first error assigned is upon the ruling of the
trial court denying plaintiff's motion for a continuance.
Ordinarily a ruling upon a motion for continuance will not
1. CONTINU-    be held reversible error, save where there is
ANCE: ruling
on motion.    a manifest abuse of the discretion reposed in
the trial court.    It is claimed, however, that the continu-
ance here demanded was a matter of statutory right.    Code
section 4560, provides that, where an appeal is not taken on
the day judgment is rendered by the justice, a written
notice thereof must be served on the opposite party at
least ten days before the next term of the district court,
and, if such notice be not served, the action will be con-
tinued on motion of appellee.    No notice was served in
this case.    The transcript was transmitted by the justice to
the district court in due time, but was not entered by the
clerk upon the appearance. docket.    The next term of the
district court commenced April 22, 1901, and on April 26th
the case was assigned for trial, but there is a dispute
whether plaintiff or his counsel had notice of the order.
On May 2d, before the case was called for trial, plaintiff

filed a motion setting up the foregoing facts, and asking a continuance, which was denied after a showing in resistence by the defendant. If the plaintiff was present, in person or by counsel, when the case was assigned for trial, and made no objection thereto, he would properly be held to have waived his right to demand a continuance; and, as there was a dispute on this point, we are not inclined to interfere with the order of the trial court overruling the motion.

We think it proper to say, however, that, there having been no notice of the appeal, we do not think the statute (Code, section 4560) required the plaintiff to file

2. APPEAL: notice: continuance.

any formal motion for continuance, or to make any appearance whatever in order to prevent the case being brought on for trial at the first term. In other words, without a notice the cause properly stands for continuance by operation of law, unless there be a waiver or voluntary appearance. *McCormick v. Bishop*, 3 G. Greene, 99; *Quillan v. Windsor*, 6 Iowa, 396; *Bond v. Davis*, 37 Iowa, 163.

II. The defendant was a witness in his own behalf, and after testifying that he was, and for some time had been, in the employ of the Chicago & Northwestern Rail-

3. GARNISH-MENT: counterclaim: evidence.

way Company, was permitted to testify, over plaintiff's objections, that he was familiar with the rules and custom of said railway company, and that employes who allowed their wages to be garnished were liable to be dismissed from said employment. This testimony was, in substance, once or twice repeated, and error is assigned thereon. It should have been excluded. The defendant had alleged the garnishment to be malicious, and asked damages accordingly; and, if it was claimed that by reason of such garnishment he had in fact been dismissed from the company's service, it is possible the matters testified to would have been pertinent, especially if there was anything tending to show

that plaintiff knew of such regulation or practice, and brought the suit for the purpose of depriving defendant of employment.    There is, however, no .allegation of this· kind, and, so far as shown, defendant still holds his position with the railway company.    The evidence was therefore both immaterial and irrelevant.    Other rulings upon the introduction of testimony are complained of, but we think them without merit.

III.    Of the instructions excepted to, we will notice the sixth and tenth only.    The sixth paragraph was in part as follows: "You are instructed that if you find from 4. WRONGFUL the evidence at the time the plaintiff com-garnishment: instruction. menced this suit before the justice of the peace, which .was on the 18th day of February, 1901, that the defendant was not owing the plaintiff any amount for board and lodging, or, if he was, the amount was less than $5, then the suing out of said writ of attachment would be unlawful and wrongful, and the defendant would be entitled to recover of the plaintiff the actual damages resulting from the suing out of said writ of attachment." It will be observed that this proposition makes the attachment wrongful if the jury find that at the date of the writ defendant was owing plaintiff less than $5. . The statute (Code, section 4579) provides that in attachment proceedings in justice's court "the petition must be verified and claim more than five dollars and if a less sum is recovered the plaintiff shall pay all costs of the attachment." Under this provision, it is the amount of the "claim," and not the amount recovered, which is the test of the right to sue out the writ; and, if less .than, $5 be recovered, the penalty is the payment of the costs thus occasioned.    What may be the rule where a party, knowing that his· just claim is less than $5, demands a larger sum for the mere purpose of obtaining the writ, we need not undertake to decide, for that question is not presented by the instruction we are now reviewing.    In our judgment, it cannot be said,

as a matter of law, that, because the jury find the actual indebtedness of defendant to be less than $5, the attachment is therefore wrongful, and thus subject the plaintiff to general damages, in addition to the costs mentioned in section 4579. The tenth paragraph of the charge contains the same error to which we have just adverted, and we need not farther consider it. Further reference to the arguments of counsel is unnecessary, as what we have already said is decisive of the appeal.

The judgment of the district court is REVERSED.