ABBIE S. AMES, Appellant, v. MARTHA M. CHIRURG ET AL., Appellees.

**Attachment:** ACTION UPON BOND: DAMAGES. The wrongful issuance and levy of an attachment upon real estate and the garnishment of defendant's creditors, which in no manner results in disturbing his right to the possession of the land and opportunity to dispose of the same, or in any injury or loss growing out of the garnishments, will not authorize a recovery of damages on the attachment bond.

**Same:** RECOVERY OF ATTORNEY'S FEES. Where an attachment was wrongfully sued out the defendant can not ordinarily recover attorney's fees for services incurred in defending the main suit in an action on the attachment bond.

**Same:** STATUTES. Where an attachment is issued on the ground of nonresidence, which is not denied, an action on the bond will not lie because it is subsequently determined that there is nothing due plaintiff: It must also appear that there was no reason or cause to believe the ground on which the same was issued to be true, as the statute now stands.

**Same:** REMEDY. While an attachment is wrongfully sued out if in fact nothing was due the plaintiff, still the remedy is for abuse of process or malicious prosecution, rather than an action upon the bond.

Evans, J., specially concurring.

*Appeal from Kossuth District Court.*—HON. D. F. COYLE, Judge.

WEDNESDAY, SEPTEMBER 27, 1911.

ACTION upon an attachment bond for the wrongful suing out of a writ of attachment. Directed verdict for defendants, and plaintiff appeals.—*Affirmed.*

*Harrington & Dickinson* and *Kelleher & O'Connor,* for appellant.

*Sullivan & McMahon* and *E. A. & W. H. Morling,* for appellees.

DEEMER, J.—Defendant Chirurg brought action against the plaintiff for an accounting, etc., and, alleging that defendant in the action was a nonresident of the state, she (defendant) secured a writ of attachment to issue, which was levied upon certain real estate belonging to. plaintiff herein. Various of her debtors were garnished, as also was her agent living in Iowa. The nature of the main action, or one of a series of actions, will be seen in a case which heretofore reached this court, entitled *Chirurg v. Ames,* 138 Iowa, 697. Suffice it now to say that plaintiff in that action claimed that defendant, plaintiff in this suit, held title to the real estate attached, or some of it, in trust; that she was the equitable owner thereof. She also asked an accounting from the defendant, and further claimed to be entitled to the sum of $1,800 as rent for some Boston property which Mrs. Chirurg claimed to own. In this original action plaintiff herein filed a general denial and also pleaded a counterclaim for several hundred dollars. It should be said that the attachment was not sued out until some time after the original action was commenced, and after plaintiff herein had employed attorneys to defend the suit and look after her interests. No counterclaim was filed for damages growing out of the attachment in the main action. The Title Guaranty & Trust Company of Scranton, Pa.,

signed the attachment bond as a surety, and it is made a defendant with Mrs. Chirurg. As already stated, this action is upon the attachment bond, and not for malicious prosecution, and the case was tried and submitted to the lower court as an action upon the bond. It must therefore be so treated here. No claim is made that the ground for attachment, to wit, the nonresidence of the attachment defendant, was not true when made. The action is predicated upon the proposition that defendant in that action was not indebted to the plaintiff therein, and for this reason that the attachment was wrongful, and defendant in the attachment is entitled to recover damages because of the levy upon her property and the garnishment of her debtors. Her principal, if not her only, claim for damages is attorney's fees paid out and expenses incurred in defending the main suit. Some claim is made of damages to the real estate and of loss sustained by reason of the withholding of certain rents from plaintiff herein for the land attached; and claim is also made because certain money due plaintiff herein was withheld from her by reason of the garnishments, but the chief items are for attorney's fees and expenses.

The main action was tried and Mrs. Chirurg's petition was dismissed, and Mrs. Ames' counterclaim was also disallowed. This was, of course, a conclusive finding that nothing was due the attachment plaintiff when the attachment suit was commenced. The attorney's fees claimed, as well as expenses incurred, were for defending the main action, and not for securing the release of the attachment and the garnishments, for the statutory grounds for the attachment were true, as alleged. The attachment, if wrongful, was because there was no debt due from the attachment defendant, and the main question here is, May an attachment defendant in such cases, in an action on the bond, recover such items? This is not an action for malicious prosecution, but is upon a bond conditioned as fol-

lows: "Whereas the said Martha M. Chirurg is about suing out of the office of the clerk of the district court in and for said county, a writ of attachment against the property of the said Abbie S. Ames in the sum of three thousand, three hundred thirty-three ($3,333.00) dollars in a certain action against the said Abbie S. Ames for said sum: Now if the said Martha M. Chirurg shall pay all damages which the said Abbie S. Ames may sustain by reason of the unlawful suing out of said writ, then this obligation to be void, otherwise to remain in full force."

The statute of the state with reference to such actions reads as follows: "In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees to be fixed by the court; and if it be shown such attachment was sued out maliciously, he may recover exemplary damages, nor need he wait until the principal suit is determined before suing on the bond." Code, section 3887.

Other statutes relating more or less to this subject are as follows: "If it be subsequent to the commencement of the action, a separate petition must be filed, and in all cases the proceedings relative to the attachment are to be deemed independent of the ordinary proceedings and only auxiliary thereto." Code, section 3877. "If the plaintiff's demand is founded on contract, the petition must state that something is due, and, as nearly as practicable, the amount which must be more than five dollars in order to authorize an attachment." Code, section 3880. "If the demand is not founded on contract, the original petition must be presented to some judge of the supreme, district or superior court, who shall make an allowance thereon of the amount in value of the property that may be attached." Code, section 3882. "The fact stated as a cause of attachment,

shall not be contested in the action by a mere defense. The defendant's remedy shall be on the bond, but he may in his discretion sue thereon by way of counterclaim, and in such cases shall recover damages as in an original action on such bond." Code, section 3888.

Neither the Code of 1851 nor the Revision of 1860 contained this provision now found in section 3887 of the present Code: "And that there was no reasonable cause to believe the ground upon which the same was issued to be true." This clause was first introduced into the Code of 1873, and decisions under prior Codes are of no consequence in solving the proposition here presented, unless it be, as appellant contends, that this proviso is simply declarative of the law as it theretofore existed. But, as pointed out in *Dickinson v. Athey,* 96 Iowa, 363, this is not true. In that case the change in the statute was noted, and comment made thereon. Indeed, we think there can be no room for doubt upon this proposition. We may then eliminate all decisions rendered prior to the adoption of the Code of 1873. Before taking up the question as to the recovery of attorney's fees and expenses, we shall first determine whether any damages are shown to have been suffered because of the attachment of the real estate and the running of the garnishments.

Plaintiff did not lose possession of the attached land, nor was her dominion thereover in any manner interfered with. She lost no opportunity to sell, and the lease for the land was in the hands of her agent, Vaughn, who was garnished as a debtor. She lost none of the rents, nor, so far as shown, was she deprived of any interest therein. No damage resulted from the levy on the real estate. *New Sharon Co. v. Knowlton,* 132 Iowa, 672; *Fullerton Lumber Co. v. Spencer,* 81 Iowa, 549; *King v. Kehoe,* 91 Iowa, 91; *Emerson v. Converse,* 106 Iowa, 330. As to the garnishment, notice thereof was served upon plaintiff's agent,

1. ATTACHMENT: action upon bond: damages.

Vaughn, who held the lease of her lands and also some notes belonging to her. No damage is shown to have resulted to plaintiff by reason of this garnishment. Notice of garnishment was also served upon the maker of one of the notes in the hands of the agent, Vaughn, but no damage is shown to have resulted therefrom. The note drew interest, which plaintiff finally received. Vaughn proceeded to collect money for plaintiff after the garnishment, as he had a right to do, and by agreement he used nearly the entire amount so collected in the payment of an installment of interest on a loan secured by mortgage upon the farm. This money was received in September of the year 1906, and was paid out by agreement in January of the year 1907. Under present statutes (Code, sections 3935, 3939, 3946, and 3987), which are too long to be quoted, a garnishee is not held now for money coming into his hands after the garnishment is run. See, also, *Morris v. Union Pacific R. R.,* 56 Iowa, 135; *Thomas v. Gibbons,* 61 Iowa, 50. The statutes referred to have materially modified the law as it appeared in the Code of 1873. Compare these sections with 2975 and 2988 of the Code of 1873. No damage resulted to plaintiff herein from the garnishments. See cases hereto cited and *Britton v. Tiernagel,* 90 Iowa, 356, and *Tisdale v. Major,* 106 Iowa, 1.

II. We come now to the more perplexing question of the right to recover attorney's fees and expenses in an action such as this, which is on the attachment bond. We have recently held that in such actions, if there be a right of recovery upon the bond at all, attorney's fees for securing the release of the attached property may be recovered, and that the court may also tax a fee for prosecuting the action on the bond, whether that action be by counterclaim in the main action, or an independent suit upon the bond. See *Peters v. Snavely-Ashton,* 144 Iowa, 147. But even in such cases it has been doubted whether attorney's fees may be recov-

*7. SAME: recovery of attorneys' fees.*

ered for defending the main action, to which the attach-
ment was simply auxiliary. *Insell v. Kennedy,* 120 Iowa,
234; *Plumb v. Woodmansee,* 34 Iowa, 116; *Porter v.
Knight,* 63 Iowa, 365; *Vorse v. Phillips,* 37 Iowa, 428.
See, also, *Chicago, R. R. v. Whitney,* 143 Iowa, 506;
*Leonard v. Insurance Co.,* 101 Iowa, 482. It must be
admitted that there is some confusion in our cases relating
to this matter; but we think the better holding is that as
a rule attorney's fees for defending the main suit can not
be recovered in a suit upon the attachment bond. In this
case plaintiff employed her counsel and made her arrange-
ments for trial before the attachment was sued out. In
fact, she knew nothing of the attachment until after she
had concluded to make defense and to prosecute her counter-
claim against the attachment plaintiff. It would be impos-
sible under this record to say what part of the attorney's
fees and expenses were incurred because of the defense to
the attachment suit. Her land having been attached, she
concluded to have her controversies with her daughter settled
in this forum, and this she did, as the record in this case
and in the one heretofore before us abundantly demon-
strates. . Moreover, it is apparent that part, if not all, of
defendant's counterclaim may have been allowed in the
final decree rendered. Again, plaintiff in attachment was
seeking an accounting and asking that a trust be declared
in the real estate. Plaintiff herein defended against this
claim, and this may have been the reason for her defense,
rather than the running of the attachment. Her counsel
now contend, however, that plaintiff in attachment waived
the trust claim by levying upon the land. This is no doubt
true as a matter of law, but no such defense was made to
the main case. That was tried out on the trust theory, as
well as others. Furthermore, another action from Palo Alto
County was by agreement tried with the main one, and
there is no such showing as would justify an allowance for
attorney's fees and expenses incurred with reference to that

suit. The result of the whole matter is that there is no such showing here as would justify an exception to the rule that an attachment defendant can not have attorney's fees and expenses for defending the main suit.

III. But deeper still, and perhaps yet more troublesome, is the claim made for appellee that no action will lie on the bond for any damages to the attachment defendant, unless the attachment was wrongful, *and there was no reasonable cause to believe the ground upon which the same was issued to be true.* We have already noted the change in the law, and have in at least one previous case mooted the question now for decision. To us it seems that the words italicized are full of significance. It is not enough to show that the attachment was wrongful, because, for example, there was no indebtedness, for it must also be shown, before there can be recovery on the bond, that there was no reasonable cause to believe the ground of attachment true. An attachment, save to preserve some specific lien is always auxiliary to the main suit, and according to the statutes quoted is to be deemed independent of the ordinary proceedings and only auxiliary thereto. Code, section 3877. The grounds for the issuance of an attachment are specifically pointed out and the statute (section 3888 of the Code) expressly provides that the fact stated as cause for attachment shall not be contested in the action by a mere defense, but the remedy is confined to action on the bond. Our present view is that action will not lie upon an attachment bond simply because the attachment was sued out in an action in which it was subsequently found that nothing was due. Of course, an action of malicious prosecution will lie in such cases, in which a somewhat different measure of recovery is permitted. With the distinction between the malicious prosecution of an action aided by attachment and an action on an attachment bond for the wrongful suing out of an attachment in mind, most, if not all, of our cases

*3. SAME: statutes.*

may be harmonized. Here it is conceded that plaintiff in the attachment suit had ground for attachment. These grounds are conceded by plaintiff, but she insists that, as upon the trial of the main case it was found that nothing was due, she (plaintiff) has a cause of action on the bond, and can in this action recover attorney's fees and expenses. As intimated in the *Peters* case, *supra,* we do not think this is true. Our conclusions also find support in the following, among other, cases: *Dickinson v. Athey,* 96 Iowa, 363; *Nockles v. Eggspieler,* 53 Iowa, 730. Code, section 3880, has reference to the statement to be made in the petition as to the amount due where the action is upon contract. It differs from the corresponding section 4579, relating to attachments in justice's court, and does not, as will be observed, have any reference to the amount recovered. The next section of the Code (section 3881) clearly indicates the purpose, for it says that this amount is a guide for the sheriff, who must levy upon fifty percent more property than the amount so stated.

Of course, as heretofore stated in other cases, an attachment is wrongful, if sued out when there is in fact no indebtedness. *Nordhaus v. Peterson,* 54 Iowa, 68; *Porter v. Wilson,* 4 G. Greene, 314; *Weller v. Hawes,* 49 Iowa, 45. But the remedy in such case is for abuse of process or malicious prosecution. Such action will lie in this state independent of the bond. *Tallant v. Burlington,* 36 Iowa, 262; *Preston v. Cooper,* 1 Dill. 589 (Fed. Cas. No. 11,395); *Frantz v. Hanford,* 87 Iowa, 469; *Union Mercantile Co. v. Chandler,* 90 Iowa, 650; *Vorse v. Phillips,* 37 Iowa, 428; *Nockles v. Eggspieler,* 53 Iowa, 730; *Drummond v. Stewart,* 8 Iowa, 341; *Lord v. Wood,* 120 Iowa, 303; *Carraher v. Allen,* 112 Iowa, 168. *Porter v. Wilson,* 4 G. Greene, 314, and *Young v. Broadbent,* 23 Iowa, 543, relied upon by appellant are not in point, because they were decided prior to the change in the statute, and, as said in *Dickinson v. Athey,* 96 Iowa,

4. SAME: remedy.

365, they are not now an authority, and are inapplicable because of the amendment to the statute. See, also, *Smeaton v. Cole,* 120 Iowa, 368.

This same question was before the court in *Nockles v. Eggspieler,* 53 Iowa, 730, and the court there said: "Code, section 2961, authorized judgments for attorney's fees in such cases. It is in the following language: 'In an action on such bond, the plaintiff therein may recover if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees, to be fixed by the court.' The point made by counsel is this: The provision quoted authorized judgment for attorney's fees when it appears that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which it was issued to be true. The special finding of the jury is that the writ was wrongfully issued. . . . It will be observed that both of these conditions must be found, in order to authorize the plaintiff to recover at all. Such is the express language of the statute just quoted. Plaintiff, by the general verdict, did recover. We must presume that the jury found all the facts necessary to authorize recovery; that they found the writ was wrongfully issued. The general verdict, therefore, supports the decision of the court as to the attorney's fee. . . . It will be observed that under the section of the Code above quoted, and preceding sections, a right of action is given upon the attachment bond. Unless the case contemplated by these provisions is made by the proof, the plaintiff can not recover. He must show that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which it was issued, as provided in section 2961. It will not, therefore, do to say that the plaintiff could have recovered, independent of the section, for actual damages.

This section provides for the recovery of actual damages. Plaintiff must recover, if at all, under this section." Code, section 2961, referred to in this quotation, is section 3887 of the present Code.

If we should assume, as counsel for appellant would have us do, that the existence of an indebtedness is one of the grounds for attachment, then to be logical and consistent the holding would necessarily be that attorney's fees for an attorney in defending the main suit should be taxed under section 3887, for the only method whereby a defendant may show that no indebtedness existed is to make defense to the main action. But unfortunately for appellant's position all the cases decide that no recovery can be had of attorney's fees in an action on the bond for defending against the main suit. The authorities, without any dissenting note, all hold that an action will lie for the malicious prosecution of an attachment proceeding independent of the bond. In any event, it would not do to say, in an action on the bond, that if plaintiff had reasonable ground to believe that he had a valid cause of action the attachment is not wrongful. If the jury finds that no cause of action in fact existed, the wrongfulness of the suing out of the writ is thereby conclusively established. It follows that these conclusions are the only logical ones that can be reached, if we are to consistently follow the statutes and our prior decisions. It is to be admitted that some of the cases heretofore decided can not be entirely reconciled with these conclusions. We shall not attempt to review these cases.

It is enough to state our conclusions, and without more we close by saying that no error appears, and the judgment must be, and it is, *affirmed*.

·EVANS, J. (specially concurring).—I concur in the result announced in the foregoing opinion and in the greater

part of the discussion. There are some features of the discussion, however, to which I am not prepared to assent.

I. I think that an action can be maintained upon an attachment bond for maliciously suing out an attachment. This is the clear implication of the Code, section 3887, which provides for exemplary damages in such a case. I see no occasion, therefore, for the suggestion that in an action on the attachment bond, the measure of damages is less than it would be in an action independent of the bond, for abuse of process, or malicious prosecution. The statutory action on the bond is, to my mind, comprehensive enough to enable the plaintiff to recover his full remedy; and a judgment therein would operate as a bar to another action, independent of the bond, as for abuse of process, or malicious prosecution.

II. A part of the argument of the opinion is predicated upon the theory that, if the alleged statutory ground of the attachment is in fact true, such fact operates as a complete defense to an action on the bond, at least so far as attorney's fees are concerned. I am not prepared to assent to this view. The ground of attachment specified in the original suit was that the attachment defendant was a nonresident of the state. This ground being concededly true, does it necessarily follow that the attachment defendant could not recover on the attachment bond under any circumstances, even though the attachment was in fact wrongfuly sued out for want of a valid cause of action? I think not. It is true that the existence of a cause of action in favor of the plaintiff is not one of the grounds of attachment enumerated in the statute. It must be said, however, that the existence of a cause of action is necessarily inherent in every ground of attachment alleged by an attaching plaintiff. The statue which provides for grounds of attachment is operative only in favor of an existing cause of action. Theoretically, if there be no cause of action, there can be no ground of attachment. This was

in. substance the holding of this court in an early day. *Porter v. Wilson,* 4 G. Greene, 314. Turning, however, to section 3887, it provides that in order to recover on the attachment bond the injured party must prove, not only that the attachment was wrongfully sued out, but also that there was no reasonable cause to believe the ground of the attachment to be true. This is only another way of saying that want of probable cause must be proved, before recovery can be had on the bond. The effect of this provision is to exempt the attaching plaintiff from damages, if he has acted in good faith and with probable cause. If the failure of the plaintiff's cause of action is relied upon by the attached defendant as the alleged breach of the conditions of the attachment bond, then I think it would be open to him, as well as incumbent upon him, to prove, first, that the plaintiff had no valid cause of action; second, that the plaintiff had no reasonable ground for belief that he had a valid cause of action. If both such propositions were proved, then I think section 3887 ought to be held applicable to such a case. I do not think that such a case is presented in the record before us, and I therefore concur in the result announced. I think, however, as already indicated, that the discussion at this point in the opinion carries us too far.

I agree that there can be no recovery on the bond of attorney's fees for defending the main action. I agree also that the plaintiff herein has not shown any actual damages resulting to her, nor expense incurred by her, by reason of the attachment, as distinguished from her defense of the main controversy. I agree also that, for aught that appears in this record, the defeat of the attachment plaintiff (defendant herein) in the original suit may have resulted from an allowance of a part of the counterclaim in that case. Manifestly the failure of the attaching plaintiff to maintain his cause of action as against a counterclaim would not render wrongful the suing out of an attachment. I think

the case should be affirmed upon this ground as all-suffi-cient, and I would prefer that the other discussion were. eliminated.