## Porter *et al. v.* Wilson.

Where a petition, founded upon an attachment bond, avers that " the attachment was wrongfully and wilfully sued out by the defendant, when in truth and in fact the plaintiff was not indebted to them in any amount whatever," it is sufficient without any averment as to belief.

In an action upon an attachment bond, where the plaintiff seeks to recover on the ground that he was not indebted to the attachment plaintiff, the petition need not give the substance of the affidavit.

*Appeal from Louisa District Court.*

*Opinion by* Greene, J. Action on an attachment bond. The petition avers that the attachment was wrongfully and wilfully sued out by the defendants, Porter and Lucas, and that the plaintiff was not indebted to them. The defendants demurred to the petition, and for causes allege : 1. That the petition does not state that the defendant had not sufficient cause for believing that the facts stated in the affidavit for the attachment were true. 2. That the affidavit or the substance of it is not stated in the petition. The demurrer was overruled, and judgment rendered against defendants.

1. In support of the first cause of demurrer, appellants refer us to the case of *Winchester* v. *Cox,* [a] but we think that case has no analogy to the present. In that case the attachment was claimed to be wrongful upon the averment : " That the plaintiffs were not about to dispose of or remove their property, without leaving sufficient in the state to pay their debts, with intent to defraud their creditors." It was held that this averment might be true, and still the attachment not be wrongful, if they had given sufficient cause for believing that they were thus disposing of their property ; and that the petition should have presented the true issue : " That there was

(a) *Ante* 121.

not sufficient cause for believing the fact." This petition presents an entirely different issue. It claims that the attachment was wrongful, because the plaintiff was not indebted to the defendants in any sum whatever, when they swore out the attachment against him. If there was no indebtedness, it follows that there was no ground for an action, and *a fortiori* none for the auxiliary process of attachment. This averment of no indebtedness, strikes at the very foundation, and charges the entire proceedings as being not only wrong but oppressive.

An indebtedness is a reality. It is not a matter of mere speculation or inference, of supposition or belief, in relation to the motives of another. It is an absolute verity, and should be best known to him who claims it. A plaintiff is not dependent upon mere belief; he should know that the defendant is indebted to him before he is justified in attaching his property, and perhaps thus inflicting an irreparable injury. The evidences of an indebtedness are controlled by the creditor, and should be best known to him. He acts upon actual knowledge, not belief. A plaintiff should know that he has a legal demand against the defendant, before proceeding against him by attachment, and if he does proceed against him without such a demand, he cannot avoid placing him *in statu quo*, by claiming that he had sufficient cause for believing that defendant was indebted to him. A party should never think of an attachment without knowing that he has a good cause of action. If, after knowing that, he has sufficient reason for believing that his debtor is acting in reference to those matters in the manner specified by the Code; then, and only then, will he be justified in that violent process.

In *Winchester* v. *Cox*, we use this language : " If the conduct and reputation of the debtor, was that of a reliable and solvent business man; or *if he was not legally indebted to the plaintiff*, he might then assume

that the attachment was wrongful, and recover damages upon the bond."

2. in this case, under the averment of " no indebtedness," we can see no reason why the petition should give even the substance of the affidavit.    The action is not found upon the affidavit, and as the petition contains a statement of the facts constituting the cause of action, and explicitly claims a remedy upon the bond, we cannot ˙understand why the affidavit should be deemed material.    In a case like the present, it is not necessary that the petition should make any averments in reference to the affidavit; and we conclude that the court below did not err in overruling the demurrer.

Judgment affirmed.


*J. Butler, D. C. Cloud,* and *H. O'Connor,* for appellants.


*Starr* and *Phelps,* for appellee.