## YOUNG v. BROADBENT.

1. Attachment: DAMAGES: ABANDONMENT OF CAUSE OF ACTION. A petition for an attachment set out, as a cause of action, the indebtedness of the defendant for the purchase-money of certain land, under a contract which was not then matured. After the maturity of the contract, the plaintiff filed an amended petition, claiming damages for its breach on the part of the defendant. *Held,*

    1. That, by the filing of the amended petition, setting up a cause of action inconsistent with that alleged in the original petition upon which the writ issued, the plaintiff would be deemed to have abandoned the original cause of action.

    2. That, by this abandonment of the cause of action first alleged, it is to be presumed, that it did not exist when the attachment was issued.

2. —— INDEBTEDNESS MUST EXIST. The existence of indebtedness on the part of the defendant is an essential prerequisite to the issuing of an attachment; and if the writ is issued when no indebtedness exists, it is wrongful, and the plaintiff is liable for whatever damages the defendant has sustained thereby.

3. Practice: WAIVER: DEMURRER. An objection apparent on the face of the pleadings, which might have been taken advantage of by demurrer, cannot be raised for the first time in an instruction, after a trial upon the merits.

*Appeal from Warren District Court.*

THURSDAY, JANUARY 23.

ON the 28th day of February, 1866, plaintiff filed his petition at law, claiming of defendant $2,000, being the purchase-money for certain lands sold by plaintiff to defendant. The petition avers, that on the first day of January, 1866, plaintiff sold to the defendant the said lands, for $2,000; that fifty dollars of the purchase-money was paid at the time, and defendant agreed to pay the balance on the first day of March following; that no deed for the land had been delivered by plaintiff to

defendant, but would be tendered on the 1st of March, 1866, when the purchase-money became due; that defendant is about to move out of the State, and refuses to make any arrangement for securing the payment of said debt, when the same falls due, and that such contemplated removal of defendant was unknown to plaintiff when the debt was contracted.

An attachment was issued upon the petition. On the 21st of August, 1866, a supplemental petition was filed averring, that on the first day of March, 1866, plaintiff tendered to defendant a good and sufficient deed for the lands, a copy of which, bearing date February 27, 1866, is made an exhibit, and that he has been, and still is, ready and willing to deliver said deed, and the possession of said lands to defendant in fulfillment of the terms of the contract of sale.

On the 12th day of March, 1867, defendant answering, denied the allegations of the petition, except as to the payment of the fifty dollars, and avers, that the contract was conditional, and that, by the terms thereof, it was optional with him either to take the lands, or forfeit the amount he had paid.

On the 23d day of April, 1867, plaintiff filed his amended petition, rehearsing substantially the contract, and averring performance by plaintiff and non-performance by defendant the same as in the original and supplemental petitions, and claiming damages of defendant in the sum of $2,000 on account of the loss of time, expenses, disappointment, etc., to which plaintiff was subjected on account of defendant's breach of the contract, and for and on account of the depreciation of the value of the land after the contract was made. No claim is made in the amended petition for the contract price of the lands, and no cause for an attachment is set out. A demurrer of defendant to the petition was sus-

tained as to all the counts except those claiming damages on account of money expended in making a deed for the land and the depreciation of the lands in value.

Defendant answers this amended petition, setting out the contract as he does in his answer to the original petition, to be such, that it is optional with him whether he performs its terms, or forfeits the money paid thereon, ·and denying all its allegations. He sets up a cross demand, in the sum of $3,000, for damages sustained by him on account of the wrongful suing out of the attachment by plaintiff, and by averments denies the grounds upon which the attachment was issued. Plaintiff, replying to this answer, denies the allegations thereof.

Upon the issues thus formed, a trial and verdict was had for defendant. The court, among other instructions, directed the jury that " plaintiff has abandoned the claim on which he caused the attachment to be issued, and defendant is entitled, in this suit, to whatever damages he sustained by reason of the issuing of the attachment." The following instructions were asked for by plaintiff and refused by the court: "1. That if defendant was about to remove from the State, and owed plaintiff, and refused to pay or secure plaintiff's claim against him, then the plaintiff had a right to sue out a writ of attachment. 2. The defendant's remedy is on the attachment bond, and he cannot recover in this suit for any damage he may have sustained by the wrongful suing out of the attachment. * * * 4. The measure of damage for plaintiff, is the difference between the price defendant agreed to pay for the land, and what the land was actually worth on the 1st of March, 1866. 5. Defendant has not set up a cause of action in his cross claim, and therefore you cannot allow him any damage for the wrongful suing out of the writ of attachment."

Proper exceptions were taken to the giving of the fore-

going instructions, and to the refusal of the instructions asked by plaintiff.

*P. Gad Bryan* for the appellant.

*H. McNeil* for the appellee.

BECK, J.—I. The questions presented for our determination are those growing out of the instructions given

1. ATTACH-
MENT: aban-
donment of
cause of
action.

and refused by the court, as they are contained in the above statement of facts. The original petition sets out as a cause of action, the indebtedness of defendant for the purchase-money of the lands under the contract which matured at a subsequent day, and avers sufficient cause for an attachment under section 3178 of the Revision.

The amended petition filed after the maturity of this indebtedness, as a cause of action, claims damages for the breach of the contract, and while plaintiff retains the land, the subject-matter of the contract, he asks that he may recover the loss which he sustained by its depreciation in value. Now here are two distinct causes of action, the first existed when the attachment was issued, the second did not exist and by no possibility could have existed until after the attachment was issued, viz., March 1, 1866, when under the contract the purchase-money became due. Before that date the defendant could not have broken the contract as is charged in the amended petition. It appears from the record that the issues submitted to the jury, were those arising under the amended petition.

Plaintiff, of necessity, must have abandoned his cause of action set out in the original petition, for it is inconsistent with the one upon which he sought to recover. As a matter of fact he did abandon it.

II. By abandoning the cause of action set out in the original petition, the plaintiff is presumed to admit that it did not exist when the attachment was issued. He cannot be permitted to claim, while pressing a recovery on the cause of action of his amended petition, that the cause of action of the original petition also subsists, and to use the one cause of action for the purpose of obtaining an attachment, and the other for the purpose of recovering a judgment.

III. The existence of indebtedness is an essential prerequisite to the issuing of an attachment. It is in fact
2. —— indebtedness must exist. the foundation of the causes authorizing the writ. If issued when no indebtedness exists, it is wrongful. *Porter et al.* v. *Wilson*, 4 Greene, 314. If wrongfully issued, the plaintiff is liable for whatever damages the defendant sustained thereby.

We conclude, therefore, that the instruction given by the court, is correct, and that the first instruction asked for by the plaintiff, not being applicable to the issues, was properly refused.

IV. Defendant's cross demand is not founded upon the attachment bond, and it is claimed that his remedy is limited
3. PRACTICE: waiver: demurrer. ited by the Revision, section 3238, to an action on that instrument. This objection came too late, being raised for the first time by the instruction, after trial on the merits. Not having been before made, it will be deemed waived. Rev. § 2878. It is not necessary, therefore, to inquire whether defendant had a remedy other than by action on the bond.

The second and fifth instructions asked for by plaintiff were properly refused by the court.

V. The substance of the fourth instruction of plaintiff was given by the court on its own motion; it was not necessary to repeat it, and there is no error in refusing such repetition. Affirmed.