Hon. JAMES G. DAY, Chief Justice.
" JAMES H. ROTHROCK,
" JOSEPH M. BECK,
" AUSTIN ADAMS,
" WILLIAM H. SEEVERS. } Judges.

---

| 46 | 11 |
| 107 | 130 |

| 46 | 11 |
| 120 | 372 |

## Harger v. Spofford.

1. **Practice:** VERDICT: EVIDENCE. Where there is a conflict in the evidence, the case will not be reversed because the verdict is against the weight of evidence, unless it is the result of passion or prejudice.

2. **Attachment:** DAMAGES. The existence of a debt is essential to the issuing of an attachment, and if the writ is issued when no. debt exists the plaintiff is liable for whatever damages the defendant may sustain thereby.

3. **Practice:** INSTRUCTION: VERBAL INACCURACY. A mere verbal inaccuracy in an instruction must be shown to have confused or misled the jury, to constitute ground for reversal.

*Appeal from Polk Circuit Court.*

FRIDAY, APRIL 20.

THE pleadings in this case are quite voluminous. There were originally two actions between the parties, which were consolidated in the court below. The claims made by the respective parties are in substance as follows:

The plaintiff is the owner of a frame building situated upon lots owned by the defendant. A hotel known as the Des Moines House is situated upon the same lots. The plaintiff's building has usually been occupied by those who have kept the hotel, the plaintiff receiving rent for such use and occupancy of his building. It is claimed by the plaintiff that in 1871 he leased his building to the defendant, so long as plaintiff should allow said house to remain upon the lots of the defendant, at the rate of $25 per month after deducting all charges for ground rent which the defendant might make against plaintiff; that the defendant took possession of the building under said lease, which was a parol contract, and occupied the same by himself and tenants up to the time of bringing this suit, and paid the rent agreed upon until March 1st, 1874; that no rent has been paid since that time, and judgment is demanded for the rent from March 1st, 1874, to the commencement of the suit.

The defendant denies that he has been in the possession of said building, by tenant or otherwise, under any agreement of lease since Nov. 1st, 1871, and he makes a cross-claim against plaintiff for ground rent for the parts of the lots upon which said building is situated. Upon this claim he caused a landlord's attachment to issue, by virtue of which the sheriff took possession of the building.

Plaintiff denies any liability for ground rent, and makes a claim against defendant for damages for suing out the attachment, alleging as cause for such claim that nothing was due defendant for ground rent.

Upon these issues there was a trial by jury. There was a verdict and judgment for the plaintiff. Defendant appeals.

Harger v. Spofford.

*P. F. Bartle*, for appellant.

*Clark & Connor*, for appellee.

ROTHROCK, J.—I.   It is conceded that in 1871 an agreement was made by the parties that the defendant should occupy the plaintiff's building, and pay as rent therefor the sum of $25 per month.   Defendant was in the possession of the house under this contract until Nov. 1st, 1871, when he leased the hotel to one Carroll.   Defendant claims that his tenancy of plaintiff's building ceased when Carroll took possession of the hotel.   Afterwards other parties went into possession of the hotel and also the building belonging to plaintiff.   Plaintiff claims that defendant put Carroll in possession of the building in question, during plaintiff's absence, and without his consent, and that he never acknowledged Carroll nor any of the subsequent lessees of the hotel as his tenants, but held the defendant as such.   The main point of contest in the case was as to whether defendant's tenancy ceased in 1871, or at some time after that, or whether it continued up to the commencement of the suit.

Upon this question the evidence is voluminous.   We have carefully examined the testimony of the witnesses, and the 1. PRACTICE: acts of the parties during the time in question, as verdict: evidence. disclosed in the evidence, and we are not prepared to say that the verdict of the jury is so manifestly unsupported by the evidence as to warrant our interference.   The most that can be said is, that there is a conflict in the evidence with, it may be, a preponderance against the plaintiff. There is, however, no such want of evidence to support the verdict as to warrant the inference that the jury was influenced by passion or prejudice.   It is unnecessary to review the evidence upon this question in the case.   It would serve no useful purpose.   The cases which we are asked to reverse because it is claimed verdicts and judgments are contrary to the evidence are so numerous that we are compelled to omit a discussion of the facts, where we find evidence which in our judgment supports the action of the court below.

II. The finding of the jury must have been that the tenancy continued up to the time of the commencement of the suit. Upon no other theory could the claim of the defendant for ground rent have been rejected. The finding that the tenancy continued, as claimed by the plaintiff, necessarily disposed of the claim for ground rent against the defendant. It is not claimed by defendant that he is entitled to ground rent for the time he occupied plaintiff's building at the rent of $25 per month, and if he so occupied it for the whole time claimed by plaintiff, either himself or by sub-tenants, he is not entitled to ground rent for any of the time. It follows, therefore, that as the jury found nothing was due for ground rent, the landlord's attachment was wrongfully sued out, for which act plaintiff is entitled to such damages as he sustained. *Young v. Broadbent*, 23 Iowa, 539.

*2. ATTACHMENT: damages.*

III. No exceptions are taken to the instructions which the court on its own motion gave to the jury. Exceptions are taken to certain instructions given by the court at the instance of the plaintiff. We believe these to be correct, with the exception of a verbal inaccuracy in instruction No. 3, as to the measure of damages. We are unable to see, however, that this inaccuracy tended to mislead or confuse the jury. We think the thought of the instruction to the common understanding is, that the measure of plaintiff's damages for seizing the building and holding it upon the attachment was its reasonable rental value during the time it was thus held, and not double the rental value.

*3. PRACTICE: instruction: verbal inaccuracy.*

AFFIRMED.