WHITNEY & CO. v. BROWNEWELL ET AL.

PEREGOY & MOORE v. THE SAME.

SWEENEY & CO. v. THE SAME.

1. **Practice**: COURT NOT BOUND BY ITS OWN RULING: ILLUSTRATION. In this case, plaintiffs moved for a continuance on the ground of the absence of a witness, and the court erroneously held that the facts which it was alleged the witness would swear to were material to the issues. Defendants, however, offered to allow the affidavit for a continuance to be read as evidence of what the witness would swear to if present, and the trial proceeded. Afterwards, when plaintiffs offered to read the affidavit, defendants objected on the ground that the facts therein stated were not material, and the courts sustained the objection. *Held* no error, as the court was not bound to adhere to its erroneous ruling.

2. **Evidence**: ADMISSIONS OF ONE OF TWO DEFENDANTS. Evidence that one of two defendants made an admission derogatory to their defense cannot be admitted where the witness is unable to state which one of the defendants made the admission, since it could not bind the other.

3. ————: EXCLUSION: ERROR WITHOUT PREJUDICE. Where, in an action on an attachment bond, the jury found only nominal damages, it was at most error without prejudice to exclude evidence offered in mitigation of damages.

4. **Attachment**: ACTION ON BOND: ATTORNEYS' FEES. Where the whole defense in an attachment case tended to show the wrongfulness of the attachment, it was proper, in an action on the bond, to allow attorneys' fees for services in defending the entire case.

5. **Practice**: RIGHT TO OPEN AND CLOSE. Where, upon the pleadings, the plaintiffs had the burden of proof, but by failing to introduce evidence, they shifted the burden upon defendant, the latter had the right to open and close.

6. **Instruction**: ERROR WITHOUT PREJUDICE. An erroneous instruction is no ground for the reversal of a judgment which could not have been otherwise had the instruction not been given.

Whitney & Co. v. Brownewell et. al.

*Appeal from Plymouth Circuit Court.*

FRIDAY, MARCH 11.

THESE cases are submitted together as involving substantially the same question. The plaintiffs in the respective actions sold goods to the defendant George W. Brownewell, and the actions are brought to recover for the goods. Mrs. D. E. Brownewell, wife of George W. Brownewell, and Mrs. T. E. Murphy, mother of Mrs. Brownewell, are made defendants, and are sought to be made liable, upon the ground that they were silent partners with George W. Brownewell, or, if not, that they conspired with him to defraud the plaintiffs in the purchase of the goods. Writs of attachments were issued and levied upon the stock of goods which had been held by George W. Brownewell in trade, and also upon the lot and store building used in trade. Previous to the levy, George W. had conveyed the stock to Mrs. Murphy, and the lot and store building to Mrs. Brownewell, and Mrs. Murphy had conveyed the stock to Mrs. Brownewell in exchange for the lot and store building. Mrs. Murphy and Mrs. Brownewell denied all liability for the goods purchased, and claimed damages for the wrongful issuance and levy of the attachment. George W. Brownewell made default. As against Mrs. Murphy and Mrs. Brownewell, there was a trial to a jury, and judgment was rendered in their favor for one dollar as damages for the wrongful issuance and levy of the attachment. Judgment was rendered in their favor for attorney's fees. The plaintiffs appeal.

*G. A. Girard* and *Ira T. Martin*, for appellants.

*T. B. S. O'Dea* and *Argo & Kelly*, for appellees.

ADAMS, CH. J.—I. The plaintiffs assign several errors pertaining to the alleged liability of Mrs. Murphy and Mrs. Brownewell for the goods. We do not need to consider them. There was no evidence introduced or offered tending

Whitney & Co. v. Brownewell et al.

to show such liability, and the plaintiffs were not prejudiced by the alleged errors, if they were made.

II. The plaintiffs, by way of answer to the claim of Mrs. Murphy and Mrs. Brownewell for damages for the wrongful issuance and levy of the attachment, averred that the property levied upon had been conveyed to Mrs. Murphy and Mrs. Brownewell to defraud his creditors. To prove the fraud in the conveyance, the plaintiffs had relied upon one Richards as a witness, but they were unable to procure his attendance at the trial. They accordingly made an affidavit for a continuance on account of his absence. The court held the affidavit to be sufficient, but, the defendants offering to allow the affidavit to be read as showing what the testimony of Richards would be if present, the trial was allowed to proceed. Afterwards, when the plaintiffs offered to read the affidavit in evidence, the defendants objected, and the court sustained the objection, remarking, as the abstract shows, that the facts set forth in the affidavit as to what the witness, if present, would swear to, did not appear to be material. The refusal to allow the affidavit to be read in evidence is assigned as error. If the affidavit was sufficient to entitle the plaintiffs to a continuance, as the court held, they should have been allowed to read it in evidence. But the court was not bound to allow it to be read because of the former ruling. The court might examine the affidavit again; and, if it appeared from the second examination that the facts shown as to what the witness would swear to were not material, it was the duty of the court to exclude it, notwithstanding the former ruling. The question presented, then, is simply as to whether the facts shown were material. The alleged facts were that, after the sale and conveyance of the goods by George W. Brownewell to Mrs. Murphy, and of the lot and store building to Mrs. Brownewell, the witness Richards heard Brownewell talk about the transaction in the presence either of Mrs. Brownewell or Mrs. Murphy, and heard him state, in substance, that the sales were

*1. PRACTICE: court not bound by its own ruling: illustration.*

*2. EVIDENCE: admissions of one of two defendants.*

fraudulent, and heard Mrs. Brownewell or Mrs. Murphy, whichever was the one present, admit the truth of what he said. Mrs. Brownewell's admission would, of course, have been competent to prove the fraudulent character of the sale made to her, and Mrs. Murphy's admission would have been competent to prove the fraudulent character of the sale made to her. But it is not shown that more than one made any admission, and it is not shown which one that was. The affidavit, then, would not have aided the jury in finding a verdict. We think that the court did not err in not admitting it.

III. The plaintiffs, J. R. Whitney & Co., in order to mitigate the damages alleged to have been sustained by the wrongful issuance and levy of the attachment, pleaded that the goods, prior to the levy, had been seized and were being held by the sheriff on other

**3. ——: exclusion: error without prejudice.**

writs of attachment against the same defendant. For the purpose of showing that J. R. Whitney & Co.'s writ was levied first, the defendants introduced Mrs. Brownewell as a witness, and she was allowed to testify that J. R. Whitney & Co.'s writ was levied first. They insist that it was error to admit parol evidence upon such a point. We have to say, however, that under the verdict we do not need to determine this question. The jury rendered a verdict for only nominal damages. If it had been conceded that J. R. Whitney & Co.'s attachment was subsequent to others, the defendants would have been entitled to nominal damages, if any.

IV. The allowance made for attorneys' fees appears to have been for their services in defending the entire case. The plaintiffs contend that there was error in this. But the whole defense made tended to show the wrongfulness of the attachment.

**4. ATTACHMENT: action on bond: attorneys' fees.**

V. The plaintiffs contend that it was their right to open and close, and that the right was denied. They did have the right to open by offering evidence tending to show the alleged liability of Mrs. Brownewell and Mrs. Murphy; but they introduced none. After that

**5. PRACTICE: right to open and close.**

there was nothing to try but the question of damages, and as to that the burden was on the defendants, and they had the right to open and close.

VI.   In the twenty-first instruction the court instructed the jury that it was incumbent upon the plaintiffs to prove

6. INSTRUC-
TION: error
without preju-
dice.

by a preponderance of evidence the existence of some one of the alleged causes of attachment. They contend that in this the court erred.   But, as the plaintiffs introduced no evidence tending to show any indebtedness on the part of these appellees, the attachment, as against them, was wrongful, regardless of the statutory grounds of attachment.

VII.   The plaintiffs complain that the issues were not fairly stated to the jury, but we think otherwise.   We see no error.

AFFIRMED.