E. W. SIGLER, Appellant, v. NORAH MURPHY.

**Decree:** ADJUDICATION: *Presumptions.* A decree establishing a title relates back to the time action was begun and to time since but it is no evidence of who had title before the beginning of action.

RULE APPLIED. A decree from M in a suit to enjoin S from going on land or interfering with it, does not show title in M prior to commencement of the suit; so that, there being no other evidence as to title or possession, except that prior thereto S was in possession. S may maintain action against M for damages for the levy, prior to such decree, of a landlord's writ of attachment sued out by M.

**Landlord's Attachment:** DAMAGES. S, whose crops were levied on under a writ sued out by M, and were injured by M's cattle, while subject to the levy of the writ, may recover of M for the injury, though the herd law is not shown to have been in force, and though the sheriff was enjoined by S from selling the crops as perishable

**Bill of Exceptions:** SHORTHAND NOTES: *Certification.* Notes of the official stenographer certified by the trial judge, constitute a sufficient bill of exceptions, though no certificate of the reporter is attached.

*Appeal from Pottawattamie District Court.*—HON. W. R. GREEN, Judge.

SATURDAY, DECEMBER 17, 1898.

THE plaintiff planted certain land, bordering on the Missouri river, variously estimated at from 30 to 50 acres, to corn, in the season of 1894. For this purpose he went into possession April 24th of that year, cleared the land of brush, willow, and cottonwood, and broke it. Prior to October 2d he had put all but a few acres of the corn in shock, and on that day the defendant sued out a landlord's writ of attachment, and caused it to be levied thereon. On the twelfth day of October the defendant was enjoined, in an action brought by the plaintiff, from disposing of the property under the writ, as perishable. In pursuance of a stipulation made the twelfth day of March, 1895, Lindt husked the corn, and placed one-third of it in a crib designated by the

defendant, there to abide the judgment and order of the court in the attachment suit, and the plaintiff took the remaining corn and fodder. The defendant instituted a suit in equity October 8, 1894, to enjoin the plaintiff from going upon this land, or interfering with it in any way, and a decree was entered therein November 6, 1895, by which the title thereto was settled in the defendant. In the attachment suit, judgment was entered in favor of the plaintiff herein, and the defendant failed to return the one-third of the corn held to abide its result. This action is brought to recover damages occasioned by the alleged wrongful and malicious suing out of the writ of attachment, and for injuries done to the property by defendant's stock after the levy and prior to the agreement referred to. By direction of the court, the jury returned a verdict for the defendant. From the judgment entered thereon plaintiff appeals.— *Reversed.*

*Sweet & Mynster* for appellant

*W. H. Ware* for appellee.

Ladd, J.—The notes of the official stenographer, who took down all the evidence in shorthand, were duly certified by the trial judge, and filed in apt time. No certificate of the reporter was attached. That this constituted a sufficient bill of exceptions appears from *Hurlburt v. Fyock,* 73 Iowa, 479; *Ross v. Loomis,* 64 Iowa, 433, and *Fleming v. Stearns,* 79 Iowa, 258. But see Code, section 3675.

II. The petition in the suit brought by Mrs. Murphy to enjoin Sigler from going on or interfering with this land was excluded from the evidence on the objection of the defendant, though the decree entered therein was received. It is not set out in the abstract, but it is there merely stated, that it settled the title to the land in the defendant. The action was begun October 8, 1894,

and the decree is presumed to relate back to that time, but
not further.   Status once established will be presumed to
continue until shown to have changed, but there is no pre-
sumption of its existence prior to the time proven.   Lawson
on Presumptive Evidence 581.   This decree was the only
evidence of title or ownership in the defendant intro-
duced.   As to who was the owner prior to that time the
record is silent, except in so far as it shows that from the
twenty-fourth day of April, 1894, till the levy of the writ of
attachment, the plaintiff was in the actual and peacable pos-
session of the land.   Whether he was there of right or as a
trespasser does not appear.   That as against a stranger, in
the absence of other evidence of ownership, prior actual pos-
session will be protected, and purely possessory rights
guarded, is too well settled to require the citation of authori-
ties.   See cases collected in 26 Am. & Eng. Enc. Law, 380
*et seq.*, and note to *Orser v. Storms*, 18 Am. Dec. 546.   The
crops, then, appear to have belonged to the plaintiff, and the
defendant to have had no interest therein, either as landlord
or as owner of the soil.

III.   The actual damages suffered by reason of the levy
of a landlord's writ of attachment sued out when nothing is
owing as rent may be recovered.   *Harger v. Spofford*, 46
Iowa, 11.   If the property levied on is permitted to be wasted
or injured, under the doctrine of *Baul v. Tharp*, 83 Iowa,
672, recovery may be had of the party suing out the writ.
This is on the theory that the sheriff in such a case acts as his
agent in what he does.   Here the injury is alleged to
have been done by the party suing out the writ, and
there is no reason why a direct action may not be
maintained.   True, the sheriff was enjoined at the suit of
the plaintiff from selling the property as perishable, but this
did not relieve him from giving it proper care.

IV.   It is suggested that, because the herd law was
not shown to have been in force, the defendant was not
required to restrain her stock.   In other words, she might

cause the crop to be levied on and held by the sheriff while she appropriated it by feeding it to her cattle and horses, under the pretense of letting them run at large. She cannot so shield herself from the consequences of any negligence on the part of the sheriff or herself through which the attached property was injured. The corn placed in the crib was retained by the defendant. Whether that in the field was destroyed by her stock was in dispute. The evidence on the part of the plaintiff tended to show that there were about two thousand bushels when levied on, and only two hundred and twenty-five bushels when husked; that its market value was forty-five cents per bushel, and the cost of marketing it five cents per bushel. This evidence furnished a basis for the estimation of damages.

V. The errors in the record appear to have arisen from the assumption that the defendant had been shown to be the owner of the land during the season of 1894, and that the plaintiff, in what he did, was a mere trespasser. As we have seen, the evidence did not warrant these conclusions——Reversed.