DAVID SMEATON, Appellant, v. C. C. COLE.

**Landlord and Tenant:** ATTACHMENT: RENT DUE: COUNTERCLAIM.
1   The provision of Code, section 3880, providing that the petition in landlord's attachment shall state that something is due, has reference to the maturity of the claim for rent and not the balance of indebtedness owing from one party to the other, and the landlord is not precluded from attaching for rent due, by reason of the fact that the tenant has claims against him in excess of the rent.

**Malicious Issuance of Writ.** Where the landlord has a valid claim
2   against the tenant for rent, the fact that the tenant has claims against the landlord in excess of the rent will not justify a conclusion that the landlord was actuated by malice in suing out the writ.

*Appeal from Polk District Court.*—HON. W. F. CONRAD, Judge.

THURSDAY, MAY 14, 1903.

IN this action, damages are demanded of defendant for suing out a landlord's writ of attachment maliciously and without probable cause. To support the allegations of the petition, the pleadings in the former action, a part of the court's instructions, the judgment therein, and some of the

proceedings incident to the care of the property seized, were introduced in evidence. From these it appears that this defendant, as plaintiff in that action, began a suit for the recovery of $114 as rent for the use of a greenhouse April 23, 1892, under a written lease, alleged to have been assigned by a former tenant to this plaintiff, caused a writ of attachment to be issued and levied on "all plants and flowers in rooms Nos. 1, 2, 3, and 4" thereof, and also a mare, buggy, and single wagon, and two days later procured the appointment of a receiver. Five hundred dollars was also asked as damages said to have been occasioned by breaches of the said written lease. This plaintiff answered therein September 13, denying the assignment, and alleging an oral arrangement, by the terms of which the defendant was to turn over to him all the pots and plants, save two large palms, and he to pay a monthly rental of $15, and put in condition and repair the buildings and grounds, and defendant to furnish necessary materials and put and keep in repair the heating apparatus; that, owing to this defendant's failure to furnish material and repair as aforesaid, plants to the value of $1,500 were destroyed by frost; and also that he had furnished materials at this defendant's instance to the value of $99.65. Upon trial the defendant herein was allowed rent as claimed, and the plaintiff herein $400 on his counterclaim. The foregoing was all the evidence introduced by plaintiff, and, when he had rested, the court, on motion, directed a verdict for the defendant. From the judgment entered thereon, plaintiff appeals. —*Affirmed.*

*Bowen & Brockett* for appellant.

*John Newburn* and *C. C. Cole* for appellee.

LADD, J.—The sum of $114 was found due the landlord for rent accrued, precisely as alleged in his petition, and the tenant was allowed $400 on his counterclaim. Con-

trary to appellant's contention, this was a finding that something was due plaintiff, within the meaning of our statutes. Section 2992 of the Code creates a lien for rent in favor of the landlord, and the section following provides that the lien may "be effected by the commencement of an action during the period above prescribed for rent alone, in which action the landlord will be entitled to a writ of attachment, upon filing with the clerk or justice a verified petition stating that the action is commenced to recover rent accrued within one year previous thereto upon premises described in the petition, and the procedure thereunder shall be the same, as nearly as may be, as in other cases of attachment, except no bond shall be required." As therent had accrued, the defendant might resort to this remedy, provided he followed the procedure prescribed by ordinary attachments. Section 388:) of

1. ATTACHMENT: rent due: counter claim.

the Code requires the petition, when the action is on contract, to "state that something is due and, as nearly as practicable, the amount." This is to serve as a guide to the sheriff, who must levy on property one and one-half times in value such amount. Section 3881. Where the action is not based on contract, the allowance in value of property to be levied on must be fixed by the judge. Section 3882. Section 3883 relates to the suing out of a writ of attachment "on debts not due when nothing but time is wanting to fix an absolute indebtedness," additional grounds therefor to be stated in the petition. It is manifest from these statutes that the word "due," as used in them, has reference to the maturity of the claim, rather than the balance of indebtedness owing from one party to the other. What must be alleged is that something is due. On what? The contract sued on, and the amount thereof, are to be stated. Something may be owing by the plaintiff to the defendant in another transaction, but if it has not been applied in payment, such debt continues unimpaired, and defendant may elect not

to plead it as a set-off or counterclaim, but to make it the subject of a separate and distinct action. *Jones v. Witousek*, 114 Iowa, 14. The petitioner then has no right to assume that defendant will interpose what will be owing him by way of a set-off or counterclaim, rather than institute a separate action, and all required is that he state with reasonable accuracy the amount due him under the contract on which the action is based.

In the instant case the items demanded by the tenant, whether in the way of unliquidated damages or disputed charges for the services rendered, were not payments, and were not allowed as such by the court. They were pleaded by way of counterclaim, and, as such, applied to the extent necessary by way of deduction. None of the cases cited by the appellant treat "set-off" or "counterclaim" as synonymous with "payment." See *Eldredge v. Bell*, 64 Iowa, 125; *Ware v. Howley*, 68 Iowa, 633; *Van Sandt v. Dows*, 63 Iowa, 594; *Union Mill Co. v. Prenzler*, 100 Iowa, 540; *Lucore v. Kramer*, 22 Iowa, 387. They proceed on the theory that the representative of the deceased in the matter of the collection of debts due an estate merely steps into the shoes of his decedent, and must maintain his action subject to like defenses or counterclaims. As indicated in the last case cited, in ascertaining the amount to be awarded, "mutual claims compensate each other," and "the amount which may be due is always the balance left after deducting the lesser from the greater sum," precisely as though the action had been brought by deceased in his lifetime. But this is not saying they have been previously so applied.

We are not to be understood as intimating that malice and want of probable cause are necessarily to be inferred from a finding of nothing due. In such a case the writ 2. MALICIOUS issuance of writ. has been wrongfully issued, but, in the absence of statute, this alone will not warrant the recovery of damages. *Tallant v. Burlington Gaslight*

*Co.*, 36 Iowa, 262; *Frantz v. Hanford*, 87 Iowa, 469; *Carraher v. Allen*, 112 Iowa, 168. It is because of section 3887 of the Code, providing for recovery on the bond, that damages for the mere wrongful suing out of the writ are allowed. *Porter v. Wilson*, 4 G. Greene, 314; *Young v. Broadbent*, 23 Iowa, 539. On the strength of these decisions so holding, the court seems to have applied the same rule in the case of a landlord's writ of attachment, issued without bond, in the absence of any similar statute. *Harger v. Spofford*, 46 Iowa, 11, cited with apparent approval in *Sigler v. Murphy*, 107 Iowa, 128. In the first of these the theory on which damages were allowed by the jury does not appear, and the last was remanded for new trial. It would seem these decisions can only be upheld on the theory that from a finding of nothing due the inference of want of probable cause and of malice may be drawn. If so, such inference is permissible only, and the subject to be rebutted by other evidence introduced and circumstances established on the trial. But whether this be so or not, the mere finding that more was owing defendant in the former suit on the counterclaim than was due plaintiff therein on the petition does not, alone, justify the conclusion that plaintiff was actuated by malice. He might have been entirely ignorant of the adverse claims at the time of suing out the writ.

The jury was properly directed.—AFFIRMED.

BISHOP, C. J., taking no part.