SAM S. SIGMAN, Appellee, v. HENRY ZAMES, Appellant.

ATTACHMENT: Action on Bond—Actual and Exemplary Damages—
Sole Recovery. In an action on an attachment bond, recovery may
not be had for the value of the property attached and in the pos-
session of the attaching officer, even though nothing be due on plain-
tiff's claim; nor may there be a recovery for loss of profits.

*Appeal from O'Brien District Court.*—WILLIAM HUTCHINSON,
Judge.

OCTOBER 24, 1924.

ACTION in equity for a partnership accounting, aided by attachment. Defendant counterclaimed on the bond, demanding damages for the wrongful and malicious suing out of the attachment. The court sustained a motion to strike a portion of the counterclaim, and from this ruling the defendant appeals.— *Affirmed.*

*G. T. Wellman,* for appellant.

*Reed Babcock,* for appellee.

STEVENS, J.—This is an action by one partner against another for an accounting. A special indebtedness is alleged in the petition, and an attachment was asked upon the ground that the defendant was about to dispose of his property with intent to defraud his creditors. The defendant answered, denying all of the allegations of the petition, pleaded estoppel and other alleged defenses, and, by way of counterclaim, demanded judgment for the conversion of the property in the sum of $1,000, and for the loss of business in the sum of $2,437.58. The allegations of the counterclaim relating to these two items were stricken by the court, upon motion of appellee.

Section 3887 of the Code of 1897 provides that, if the attachment was wrongfully sued out, and there was no reasonable cause to believe the ground upon which the same was issued to be true, the plaintiff may recover the actual damages sustained, with reasonable attorney fees to be fixed by the court, together with exemplary damages, if the attachment was sued out maliciously. As we interpret the allegations of the answer that were stricken by the court, appellant sought to charge that nothing was due appellee at the time the action was commenced, and that this fact was, or should have been, known to him, and that the suing out of the writ was malicious. As indicated by the statute, the measure of plaintiff's recovery is limited to actual damages and reasonable attorney fees, together, if the writ was maliciously sued out, with exemplary damages. Dam-

ages for conversion, where the property is retained in the custody of the officer, are not recoverable, and the loss of profits is remote and speculative and cannot be recovered in an action upon the bond. The law as to the measure of damages is well settled in this state. *Dorr Cattle Co. v. Des Moines Nat. Bank,* 127 Iowa 153; *Young v. Broadbent,* 23 Iowa 539; *Crom v. Henderson,* 188 Iowa 227.

The ruling of the court does not prevent appellant, by a proper pleading, from maintaining an action on the bond by way of counterclaim, and his right to amend his cross-petition in that particular is not denied by the court's ruling. The language of the portion stricken from the pleading is somewhat uncertain and ambiguous, and its meaning is not entirely clear. The ruling should not be disturbed.—*Affirmed.*

ARTHUR, C. J., and DE GRAFF and VERMILION, JJ., concur.