LELAND S. STULTS, Appellant, v. NORTHWESTERN INVESTMENT COMPANY et al., Appellees.

ATTACHMENT: Bond—Recovery of Attorney Fees. Reasonable attorney fees which are imposed upon a party in order to secure the release of his property from attachment levy are recoverable on the attachment bond; and it matters not that, to secure such release, the services were employed in establishing the fact that *nothing was due the attaching plaintiff*.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 19, 1924.

ACTION upon an attachment bond, to recover damages consisting of an attorney fee incurred in defeating the demand upon which the attachment was issued. A demurrer to the petition was sustained, and plaintiff appeals.—*Reversed and remanded.*

*Guy A. Miller*, for appellant.

*I. T. Jones*, for appellees.

VERMILION, J.—The allegations of the petition are, in substance, that the defendant and appellee commenced an action, aided by attachment, against the property of appellant; that the attachment was issued upon the averment in the petition in that action of certain statutory grounds therefor, and upon the filing

of the attachment bond in suit; that the writ was levied upon certain corporate stock belonging to appellant, and by garnishing a bank as his supposed debtor; that appellant employed an attorney to defend the action so commenced, and to defend against the operation of the writ of attachment; that a trial was had in that action, resulting in a verdict and judgment for the defendants therein, and in the quashing of the writ of attachment and the release of the levy thereof. It is further alleged that the writ of attachment was wrongfully sued out; that there was no reasonable cause for the plaintiff therein, the appellee here, or its officers, to believe the grounds upon which the attachment was issued to be. true. Damages are asked in the amount of the attorney fee incurred by appellant in defending the attachment suit.

The demurrer to the petition raises the question of the right to recover as damages on the attachment bond, the attorneys' fees incurred in defending the main action, where nothing was found to be due the plaintiff therein.

Section 3885 of the Code of 1897 provides that the bond to be given before an attachment shall issue shall be conditioned "that the plaintiff will pay all damages which the defendant may sustain by reason of the wrongful suing out of the attachment." Section 3887 provides as follows:

"In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees to be fixed by the court; and if it be shown such attachment was sued out maliciously, he may recover exemplary damages, nor need he wait until the principal suit is determined before suing on the bond."

Section 3880 provides that the petition in attachment must state that "something is due." This allegation has been said to be the basic ground upon which the right to the writ exists; that, if there is no cause of action, there is no ground for the attachment. *Crom v. Henderson*, 188 Iowa 227. It is alleged in the petition in this case that it was determined upon a trial of the action in which the writ was issued that nothing was due the

plaintiff therein. This was an allegation that there was no ground for the attachment. It is further alleged that the plaintiff therein, the defendant and appellee here, had no reasonable cause to believe the grounds upon which the writ was issued to be true. The first essential ground for the issuing of the writ was the existence of a debt due from the attachment defendant. We think the allegation is broad enough to amount to a charge that the attaching plaintiff had no reasonable cause to believe anything to be due. This question is not raised, however. The petition sufficiently alleged a right of action upon the attachment bond.

It is insisted, however, that no damages recoverable in an action on the bond are alleged. It is to be observed that no injury to or loss of use of the property levied on is set up; all that is claimed is the attorney fee incurred in securing the release of the property by successfully defending the main action in which the writ was issued.

The right to recover, in an action on the bond, attorneys' fees incurred in securing the release of attached property is well settled. In *Peters v. Snavely*, 144 Iowa 147, the question was fully considered, in the light of the statutes and the earlier decisions of this court, in a supplemental opinion filed following a petition for a rehearing, and appearing at page 161. See, also, *Ames v. Chirurg*, 152 Iowa 278. At the time of these decisions, it was held, however, that an attorney fee for defending the main action, to which the attachment was merely auxiliary, could not be allowed as damages on the bond, notwithstanding an earlier decision (*Whitney & Co. v. Brownewell*, 71 Iowa 251) to the effect that an allowance might be made for attorneys' fees in defending the entire case, where the whole defense made tended to show the wrongfulness of the attachment. In the *Whitney* case, there was a failure to prove any indebtedness on the part of the defendants in attachment; the latter recovered only nominal damages on their counterclaim; and an allowance of attorneys' fees appears to have been made by the court, in disregard of the distinction pointed out in the *Peters* and *Ames* cases, between attorneys' fees incurred in securing the release of the attachment, which are recoverable as damages in an action on

the bond, and those to be fixed by the court as a part of the costs in a successful prosecution of an action on the bond.

In *Crom v. Henderson*, supra, the question of the right to recover attorneys' fees incurred in defending the main case, where nothing was found to be due from the attachment defendant, was again considered, and it was said:

"While it is true that it has been held by this court, and is the law, that one can only recover those attorneys' fees which have been expended in defending against the attachment, the fact that the defense goes to the merits does not, of itself, defeat the right to attorneys' fees, if the defense made strikes at the very root of the right to the attachment. Where a defense is made on the counterclaim, based upon the fact that there was nothing due the plaintiff at the time the suit was brought, and that the plaintiff had no reasonable ground for believing that there was anything due, the proof of these two facts sustains the claim that the attachment was wrongfully sued out. The fact that the same proof operates both to defend against the suit and to prove that the attachment was wrongfully sued out, does not militate against the right of the plaintiff to recover attorneys' fees for defending against the attachment. *Whitney & Co. v. Brownewell*, 71 Iowa 251."

It was recognized that this conclusion was inconsistent with what had been said in *Ames v. Chirurg*, supra, and to that extent the latter was overruled.

The petition contained averments showing a right of action on the bond; that appellant's property had been levied on under a writ wrongfully issued; and that he had suffered damages by reason of the wrongful suing out of the writ, in that he had been put to expense in the way of attorneys' fees to secure its release. The fact that such release was secured by establishing in the main action that nothing was due, does not, under the rule announced in *Crom v. Henderson*, supra, preclude him from recovering, as damages on the bond, the reasonable attorney fee incurred in so doing.

The demurrer should have been overruled, and the cause is —*Reversed and remanded.*

ARTHUR, C. J., and EVANS and STEVENS, JJ., concur.