ALVA KELP, Appellee, v. MARGUERITE MCMANUS, Appellant.

No. 42221.

APRIL 3, 1934.

Lewis E. McManus, for appellant.

Robertson & Wolfe, for appellee.

EVANS, J.—The first action, No. 14894, was begun in January, 1932, and was brought by the present appellant against the present appellee. This appellee was at that time a tenant upon the farm of this appellant. She sued for "rent due" to the amount of $110.80. In that action this appellee admitted the item of rent, in the amount claimed, but presented a counterclaim for $204 for alleged services rendered. His account was unliquidated and in dispute. The jury allowed it to the amount of $144 and rendered a verdict for the appellee for a balance of $34.25. On motion for new trial the court required the appellee to remit the item of $34.25 or submit to a new trial. The remittitur was made. The allegations of the petition in the present case are in substance that the writ of attachment was wrongfully sued out and sued out with malice and without probable cause and without any reason to believe that the stated grounds for the writ were true. The assignments of error are many, and the record is somewhat complicated. We shall have no occasion to consider all its details. We shall confine our discussion to the larger merits of the case and to sufficient of the details to indicate the general views of the district court and its rulings pursuant thereto.

The court instructed the jury peremptorily that the suing out of the landlord's writ was unlawful and that it was for the jury to say whether this appellant acted maliciously and whether she acted without probable cause to believe the truth of the grounds stated. It was conceded in the first action, and conceded again in the present one, that at the time of suing out the writ of attachment the tenant was owing his landlord $111 then due. Notwithstanding such admission, the tenant contended that nothing was due to the landlord within the meaning of the statute because of the existence of the counterclaim pleaded by the tenant, and sustained by the verdict. This latter view was adopted by the court in its instructions. It was because the tenant had prevailed in the presentation of his counterclaim and had thereby extinguished the rent otherwise due, that the court instructed as above indicated. This was an erroneous conception of the law of the case. The point was definitely settled in this state many years ago in Smeaton v. Cole, 120 Iowa 368, 94 N. W. 909. Under our holding in the cited case, the fact, if such, that a tenant made a claim and later proved the same to be a valid one, had no legal effect upon the right of the landlord to pursue his statutory remedy for *rent due*. It was therefore erroneous to

instruct the jury that the landlord's writ of attachment was unlawfully issued and levied.

It was likewise erroneous to instruct the jury that it was for the jury to say whether the landlord had any reason to believe the statements made by him as a ground for the issue of the writ. The statute specifies the ground upon which a landlord's writ may issue. That ground is that there shall be "rent due". Such is the sole ground for the writ. Such fact was in no manner contested at the earlier trial. It necessarily follows that the issuance of the writ was expressly permitted by statute. It could not therefore be deemed unlawful. In view of the undisputed testimony and in view of the admission that the item of rent was due, there could be no issue as to whether the landlord had good reason to believe that such rent was due. To submit such an issue to the jury was clearly erroneous. There is no evidence in the record, which has any tendency to support the claim that the landlord had no reason to believe the truth of his allegation. Nor indeed is there any evidence of malice except the fact that the suit was brought. Notwithstanding the existence of the right of the landlord to pursue his statutory remedy, yet it may not have been creditable to her in the eyes of other people to exercise such right. The jury may have felt that her exercise of such right was oppressive. But we do not find in the record any evidence whatever, which lends any support to the charge of malice in a legal sense. The verdict therefore should have been directed for the defendant herein.

Needless that we consider other details.—Reversed.

CLAUSSEN, C. J., and KINDIG, ALBERT, and DONEGAN, JJ., concur.