JENNIE L. RODMAN, Appellee, v. MAUDE CANNON LADWIG, Appellant.

No. 43875.

JUNE 15, 1937.

E. C. Moody and R. W. Zastrow, for appellant.

Jens Grothe, for appellee.

MITCHELL, J.—Jennie L. Rodman commenced an action against Maude Cannon Ladwig to collect the sum of $400, alleged to have been due on a written instrument. She prayed for and secured a writ of attachment, and levied same upon a store known as "Maude's Place" in Charles City. Defendant filed a general denial and also a counterclaim on the bond. There was a trial to the jury, which returned a verdict in favor of the defendant. Thereafter attorneys representing defendant filed an application, asking the court to assess against the plaintiff, as part of the costs, a reasonable attorneys' fee. This the court refused to do, and the defendant has appealed.

The sole question before us is whether or not attorneys' fees for defendant's attorneys should be taxed as part of the costs.

Section 12090 of the 1935 Code of Iowa is as follows:

"Action on bond. In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees to be fixed by the court; and if it be shown such attachment was sued out maliciously, he may recover exemplary damages, nor need he wait until the principal suit is determined before suing on the bond."

The interpretation of this statute has been before this court on several occasions. In the recent case of Stults v. Northwestern Inv. Co., 198 Iowa 1056, at pages 1058, 1059, 200 N. W. 696, 697, this court said:

"The right to recover, in an action on the bond, attorneys' fees incurred in securing the release of attached property is well settled. In Peters v. Snavely, 144 Iowa 147, 120 N. W.

1048, 122 N. W. 836, the question was fully considered, in the light of the statutes and the earlier decisions of this court, in a supplemental opinion filed following a petition for a rehearing, and appearing at page 161 of 144 Iowa, 122 N. W. 836. See, also, Ames v. Chirurg, 152 Iowa 278, 132 N. W. 427, 38 L. R. A. (N. S.) 120. At the time of these decisions, it was held, however, that an attorney fee for defending the main action, to which the attachment was merely auxiliary, could not be allowed as damages on the bond, notwithstanding an earlier decision (Whitney & Co. v. Brownewell, 71 Iowa 251, 32 N. W. 285) to the effect that an allowance might be made for attorneys' fees in defending the entire case, where the whole defense made tended to show the wrongfulness of the attachment. In the Whitney case, there was a failure to prove any indebtedness on the part of the defendants in attachment; the latter recovered only nominal damages on their counterclaim; and an allowance of attorneys' fees appears to have been made by the court, in disregard of the distinction pointed out in the Peters and Ames cases, between attorneys' fees incurred in securing the release of the attachment, which are recoverable as damages in an action on the bond, and those to be fixed by the court as a part of the costs in a successful prosecution of an action on the bond.

"In Crom v. Henderson, supra [188 Iowa 227, 175 N. W. 983], the question of the right to recover attorneys' fees incurred in defending the main case, where nothing was found to be due from the attachment defendant, was again considered, and it was said:

" 'While it is true that it has been held by this court, and is the law, that one can only recover those attorneys' fees which have been expended in defending against the attachment, the fact that the defense goes to the merits does not, of itself, defeat the right to attorneys' fees, if the defense made strikes at the very root of the right to the attachment. Where a defense is made on the counterclaim, based upon the fact that there was nothing due the plaintiff at the time the suit was brought, and that the plaintiff had no reasonable ground for believing that there was anything due, the proof of these two facts sustains the claim that the attachment was wrongfully sued out. The fact that the same proof operates both to defend against the suit and to prove that the attachment was wrongfully sued out, does not militate against the right of the plaintiff to recover

attorneys' fees for defending against the attachment. Whitney & Co. v. Brownewell, 71 Iowa 251, 32 N. W. 285.' "

In the case at bar, under the instructions which the court gave to the jury, there must have been a recovery by the defendant on the bond. A part of instruction No. 9, upon which the jury based its verdict, is as follows:

"If under the evidence and these instructions, you find that both plaintiff and defendant are entitled to recover herein, and that the amount that each is entitled to recover against the other is in exactly the same amount, then, in such case your verdict should be merely a finding for the defendant, and, in such case, your foreman will sign the fourth form of verdict upon the attached sheet."

The jury signed and returned into court the fourth form of verdict, to wit: a verdict for the defendant. It therefore found that both plaintiff and defendant were entitled to recover, and that the amount each was entitled to recover against the other was in exactly the same amount, and used, as instructed by the court, the fourth form of verdict.

The jury, of necessity, found that the attachment was wrongful, and, as a matter of law, the defendant is entitled to have a reasonable attorneys' fee assessed against the plaintiff.

■■■ We are not favored with a brief and argument by appellee. However, appellee filed a motion, asking that this cause be dismissed on the ground that appellant's abstract is not a complete one and that material parts of the record have been omitted. The only part of the record which appellant failed to abstract was the evidence of certain lawyers as to the amount of the fee to be allowed. The question of allowing the fee was for the lower court. The abstract submitted was a full and complete one. Appellee's motion to dismiss is hereby overruled.

This cause is reversed and remanded, with instructions to the lower court to enter in favor of the appellant, judgment for a reasonable attorneys' fee as part of the costs.—Reversed and Remanded.

RICHARDS, C. J., and ANDERSON, KINTZINGER, DONEGAN, HAMILTON, PARSONS, and STIGER, JJ., concur.

SAGER, J., takes no part.