HARVEY HANSEN, appellee, v. ED NORTHRUP, appellant.

No. 48096.

(Reported in 54 N.W.2d 815)

John R. DeWitt, of Griswold, for appellant.

Savery & DeKay, of Atlantic, for appellee.

Hays, J.—Action at law aided by an attachment wherein plaintiff asks judgment against defendant on account of various items of labor performed. Defendant admits certain items to be due, but asserts plaintiff is indebted to him in an amount in excess of that amount and asks judgment for the difference. Also, by counterclaim against the bondsman, judgment on the bond by way of actual and exemplary damages is sought on account of a wrongful suing out of the attachment. The case was tried to a jury, which returned a verdict merely "for the defendant." Defendant moved for the assessment of attorney fees to be taxed as costs, which the court overruled, and he appeals. The sole question is whether such attorney fees should be allowed.

The attachment was issued under the provisions of chapter 639, Code of 1950. Section 639.14, provides: "In an action on such bond, the plaintiff therein may recover, if he shows that the attachment was wrongfully sued out, and that there was no reasonable cause to believe the ground upon which the same was issued to be true, the actual damages sustained, and reasonable attorney's fees to be fixed by the court * * *." Section 639.15 authorizes an action on the bond by way of counterclaim, which is the procedure adopted in this case.

None of the testimony appears in the record. The court instructed the jury to the effect that if neither plaintiff nor defendant is entitled to recover or that the amounts due from one to the other including damages, if any, are equal they should return a verdict merely "for the defendant." It also submitted

two special interrogatories: (1) Amount, if any, of actual damages sustained on account of a wrongful attachment. (2) Amount of exemplary damages thus sustained. Both were answered by the word "none", and there was a verdict merely "for the defendant."

Appellant claims the rule to be that an attachment is wrongfully sued out where it appears that nothing is due the plaintiff upon his claim, as in such cases as Crom v. Henderson, 188 Iowa 227, 175 N.W. 983; Stults v. Northwestern Inv. Co., 198 Iowa 1056, 200 N.W. 696; that plaintiff, having failed to recover in his action, it follows as a matter of law that he is entitled to have an attorney fee assessed as costs in the action, citing Rodman v. Ladwig, 223 Iowa 884, 274 N.W. 1.

██ Assuming the rule to be that an attachment is wrongfully sued out when it appears that plaintiff has no cause of action, that a cause of action does not exist is not to be determined merely because, under a counterclaim, the accounts may be balanced and plaintiff denied a recovery. As held in Smeaton v. Cole, 120 Iowa 368, 371, 94 N.W. 909, "counterclaim" is not synonymous with "payment", and while "mutual claims compensate each other * * * this is not saying they have been previously so applied." See also Kelp v. McManus, 218 Iowa 226, 253 N.W. 813.

Rodman v. Ladwig, supra, is analogous to the instant case in that a similar instruction was given and there was a verdict "for the defendant." It differs materially from the instant case in that the action was based upon a written instrument to which no defense was offered, other than a counterclaim for damages for a wrongful attachment. We said at page 887 of 223 Iowa, page 2 of 274 N.W.:

"The jury signed * * * a verdict for the defendant. It therefore found that both plaintiff and defendant were entitled to recover * * * in exactly the same amount * * *. The jury, of necessity, found that the attachment was wrongful, and, as a matter of law, the defendant is entitled to have a reasonable attorneys' fee assessed against the plaintiff."

It is apparent that, but for the counterclaim, plaintiff would have been entitled to recover the amount of the instru-

ment upon which the suit was based. It is as equally apparent that by finding there was nothing due the plaintiff, the jury, of necessity, found defendant was entitled to actual damages on account of a wrongful attachment in a sum equal to the amount of plaintiff's claim. We have no quarrel with the allowance of attorney fees in that case, but we are unable to see wherein it is applicable here.

In the instant case under the pleadings and instructions the jury could find, irrespective of the counterclaim for a wrongful attachment, for plaintiff in a stated sum; for defendant in a stated sum; or merely for the defendant, by finding that neither was entitled to recover against the other. In finding "for the defendant" it is conclusively established that the jury did not allow an offset on account of a wrongful attachment, since it found under the special interrogatories there were no actual damages sustained.

While section 639.14 merely states that when the attachment is wrongful, actual damages and attorney fees may be recovered, we said in International Harvester Co. v. Iowa Hardware Co., 146 Iowa 172, 178, 122 N.W. 951, 954, 29 L. R. A., N. S., 272, "Of course, it is necessary to prove actual damages in order to justify the allowance of any attorney's fees." Failing to establish actual damages, it follows under the rule announced in the Harvester case that appellant is not entitled to the assessment of an attorney fee as costs, and the trial court was correct.

Judgment of the trial court is affirmed.—Affirmed.

MULRONEY, C. J., and BLISS, OLIVER, GARFIELD, WENNERSTRUM, MANTZ, and SMITH, JJ., concur.